In re STATE of Texas ex rel. Jose
R. RODRIGUEZ, Relator.

No. 08–05–00071–CV.

Court of Appeals of Texas,
El Paso.

June 23, 2005.

Cygne Nemir and Arne Carl Schonberger, Asst. County Atty., El Paso, for Relator.

Fernando Chacon, El Paso, Carmen Calderon, EL Paso, for Interested Party.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

Relator, Jose R. Rodriguez, the El Paso County Attorney, seeks a writ of mandamus on behalf of the State of Texas, directing the Honorable Luis Aguilar, Judge of the 120th District Court (Respondent), to vacate an order removing the County Attorney and his staff as prosecutor of a bond forfeiture and prohibiting the County Attorney and his staff from prosecuting future bond forfeitures in El Paso County. We conditionally grant mandamus relief.

### FACTUAL SUMMARY

Carmen Calderon was arrested for fraudulent use or possession of identifying information. On August 8, 2003, Calderon and Safety National Casualty Corpora-

tion[1] posted an appearance bond in the amount of $10,000. A two-count indictment was returned against Calderon and the case was assigned to the 120th District Court (Respondent). On October 8, 2003, Calderon failed to appear for arraignment and the bond was forfeited. Respondent entered a judgment *nisi* which was filed in cause number 2003BF295. An answer was filed on behalf of both Calderon and Safety National, but Calderon has not been re-arrested and her criminal case remains pending.

Jose Rodriguez, the El Paso County Attorney, represents the State in all bond forfeitures pursuant to an agreement with the 34th District Attorney, Jaime Esparza. In the bond forfeiture case, Safety National and America III Bail Bonds filed a civil suit against Rodriguez and Esparza in their official capacities in a pleading entitled "Plaintiff's Original Petition for Declaratory Judgment, Temporary Restraining Order, Injunction & Request for Disclosure." The petition alleges that Rodriguez is not authorized to prosecute bond forfeiture cases. Consequently, Safety National and America III Bail Bonds sought to prohibit the County Attorney from prosecuting bond forfeitures and the District Attorney from referring these cases to the County Attorney. Safety National and America III Bail Bonds also filed a Rule 12[2] motion to show authority and included its argument about the County Attorney's lack of authority as an affirmative defense to the bond forfeiture.

The State, represented by the County Attorney, filed a motion to quash the petition and it also sought to sever the criminal bond forfeiture from the civil proceed-ing brought against the District Attorney and County Attorney. The court set the case for a final hearing on January 27, 2005 at 8:30 a.m., but it heard only the bond forfeiture at that hearing. At the conclusion of that proceeding, Respondent entered an order determining that the County Attorney was not authorized to represent the State in bond forfeiture proceedings. The court also determined that the County Attorney's Office has a conflict of interest because Rodriguez represents the County on the Bail Bond Board. In the same order, Respondent ordered that the County Attorney's Office "cease and desist" from prosecuting bond forfeitures. The County Attorney filed a petition for writ of mandamus seeking to have Respondent's order vacated. We granted the County Attorney's request for emergency relief pending final resolution of this mandamus proceeding.

## STANDARD OF REVIEW

To establish an entitlement to mandamus relief, a relator must satisfy two requirements: (1) there must be no adequate remedy at law to redress his alleged harm; and (2) the relator must have a clear right to the relief sought. *Buntion v. Harmon*, 827 S.W.2d 945, 947–48 and n. 2 (Tex.Crim.App.1992); *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex.Crim.App.1992). The second element has historically been stated in terms of requiring that the judicial conduct from which relief is sought be "ministerial" in nature. *Buntion*, 827 S.W.2d at 948 n. 2. An act is ministerial "where the law clearly spells out the duty to be performed ... with such certainty that nothing is left to the exercise of discretion or judgment."

---

1. Fernando Rodriguez d/b/a America III Bail Bonds is the agent who issued the bond on behalf of the surety, Safety National Casualty Corporation.

2. Tex.R. Civ. P. 12.

*Texas Dept. of Corrections v. Dalehite,* 623 S.W.2d 420, 424 (Tex.Crim.App.1981). A ministerial act is not implicated if the trial court must weigh conflicting claims or collateral matters which require legal resolution. *State ex rel. Hill v. Court of Appeals for Fifth District,* 34 S.W.3d 924, 927 (Tex. Crim.App.2001). However, a so-called "discretionary" act may become "ministerial" when the facts and circumstances dictate but one rational decision. *Buntion,* 827 S.W.2d at 948 n. 2.

### ADEQUATE REMEDY BY APPEAL

■ Relator asserts that he does not have an adequate remedy by appeal. We agree. Respondent entered the order removing Relator as prosecutor of the bond forfeiture against Calderon and the sureties during the final hearing on the bond forfeiture. The State cannot appeal a bond forfeiture. Tex.Code Crim. Proc. Ann. art. 44.42 (Vernon 1979). Further, Relator may not appeal Respondent's order under any provision of Tex.Code Crim. Proc. Ann. art. 44.01 (Vernon Supp.2004–05). Finally, it has long been the law in Texas that mandamus relief is available to restore the rights of office to an official who has been illegally ousted or suspended from the performance of his duties. *See State ex rel. Eidson v. Edwards,* 793 S.W.2d 1, 5 (Tex.Crim.App.1990); *Terrell v. Greene,* 88 Tex. 539, 31 S.W. 631, 635 (1895). More specifically, mandamus relief has been available to prosecutors who have been prohibited from representing the State in criminal cases. *See State ex rel. Hill v. Pirtle,* 887 S.W.2d 921, 926 (Tex. Crim.App.1994) (mandamus remedy was available to district attorney to vacate district judge's order prohibiting two assistant Attorneys General from serving as assistant district attorneys; no other legal mechanism short of mandamus would have allowed district attorney to challenge trial court's order and district attorney had

clear legal right to have district judge vacate the order); *State ex rel. Eidson,* 793 S.W.2d at 5 (mandamus relief was available to challenge order removing district attorney from case).

Safety National and America III Bail Bonds nevertheless contend that the County Attorney can appeal the "civil action remaining in this case." The record before us reflects that the civil suit against the County Attorney and District Attorney remains pending in the district court. An appeal of some future judgment entered in the civil suit is speculative, at best, and is not an adequate remedy to challenge the order removing Relator as prosecutor in the criminal case.

### EL PASO COUNTY ATTORNEY'S AUTHORITY TO PROSECUTE BOND FORFEITURES

■ After a forfeiture has been declared on a bond, the case is placed on the civil docket with the State of Texas as the plaintiff, and the principal and any sureties as defendants. Tex.Code Crim. Proc. Ann. art. 22.10 (Vernon Supp.2004–05). A bond forfeiture action is a criminal proceeding that utilizes the Rules of Civil Procedure. *Id.* (stating that a bond-forfeiture case is governed by same rules governing other civil suits); *State v. Sellers,* 790 S.W.2d 316, 321 (Tex.Crim.App.1990). The civil rules apply procedurally, but not substantively. *See Sellers,* 790 S.W.2d at 321. Article 22.10 does not transform a bond forfeiture proceeding from a criminal case into "a civil case." *Sellers,* 790 S.W.2d at 321.

Article V, Section 21 of the Texas Constitution provides that County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall

be a District Attorney, the respective duties of District Attorneys and County Attorneys shall be as regulated by the Legislature. Tex. Const. art. V, § 21. To this end, the Legislature has provided that the district attorney for the 34th Judicial District represents the State in all criminal cases pending in the inferior courts having jurisdiction in El Paso County. Tex. Gov't Code Ann. § 43.120(c) (Vernon 2004). This necessarily includes bond forfeitures. It is the primary duty of the County Attorney in El Paso County or his assistants to represent the State, El Paso County, and the officials of El Paso County in all civil matters pending before the courts of El Paso County and any other courts in which the State, the County, or the officials of the County have matters pending. Tex. Gov't Code Ann. § 45.171(a) (Vernon 2004). The El Paso County Attorney's authority to prosecute criminal cases is limited to the prosecution of misdemeanors that relate to health and environmental matters and to the prosecution of misdemeanors under Section 32.42 of the Penal Code. Tex. Gov't Code Ann. § 45.171(b) (Vernon 2004). However, Section 45.171(c) further provides that the County Attorney may, at the request of the District Attorney, assist the District Attorney in criminal cases in El Paso County. Tex. Gov't Code Ann. § 45.171(c) (Vernon 2004). This same authority is found in Article 2.02 of the Code of Criminal Procedure.[3]

▇ It is undisputed that the District Attorney has expressly requested that the County Attorney assist him by prosecuting the bond forfeitures.[4] Therefore, the County Attorney and his assistants are constitutionally and statutorily authorized to represent the State in bond forfeitures in El Paso County. Respondent clearly abused his discretion in concluding otherwise.

## CONFLICT OF INTEREST

▇ Respondent also concluded that the County Attorney has a conflict of interest because he prosecutes the criminal portion of the bond forfeiture and represents El Paso County on the Bail Bond Board which governs the licensing of bail bond companies in El Paso County. A trial court may not disqualify a prosecutor or his staff on the basis of a conflict of interest that does not rise to the level of a due process violation. See State ex rel. Hill, 887 S.W.2d at 927; State ex rel. Eidson, 793 S.W.2d at 6. Safety National and America III Bail Bonds generally alleged that the County Attorney has a conflict of interest because he represents the Bail Bond Board and reports to that entity which sureties have not paid their obligations, a matter which can potentially affect whether the bail bondsmen's licenses are renewed. A lawyer's ethical duty to not engage in a conflict of interest is owed to his clients and former clients. See generally Tex. Disciplinary R. Prof. Conduct 1.06–1.10 (1989), reprinted in Tex. Gov't Code Ann., Tit. 2, Subtit. G, App. A (Vernon 2005) (State Bar Rules art. X, § 9). Safety National and America III Bail Bonds do not claim that they are clients of the County Attorney. Consequently, they

---

3. Article 2.02 provides: The county attorney shall attend the terms of court in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county; and in the absence of the district attorney he shall represent the State alone and, when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court. Tex.Code Crim. Proc. Ann. art.2.02 (Vernon 2005).

4. The record before us contains a copy of the letter signed by the District Attorney and County Attorney.

are unable to complain of an alleged "conflict of interest" on the part of the County Attorney. Further, we fail to perceive the basis for Respondent's conclusion that a conflict of interest exists because the County Attorney prosecutes bond forfeitures and also advises the Bail Bond Board. The interests of the State and El Paso County are aligned because the State should recover forfeited bonds and the County should not permit bondsmen to renew their licenses if they are not fulfilling the obligations which they have undertaken. Respondent clearly abused his discretion by determining that the County Attorney has a conflict of interest which requires his removal as representative of the State of Texas in the bond forfeiture proceedings.

We hold that the County Attorney, by virtue of his agreement with the District Attorney, has authority to represent the State in bond forfeiture proceedings in El Paso County. Further, Safety National and America III Bail Bonds failed to establish that a conflict of interest requires Relator's removal as representative of the State in the bond forfeitures. Relator has a clear right to mandamus relief from the order removing Relator as prosecutor in the bond forfeiture proceeding pending below and prohibiting Relator from representing the State in all bond forfeiture proceedings in El Paso County. Issues One through Four are sustained. Given our resolution of the first four issues, it is unnecessary to address Issue Five. We direct Respondent to vacate the January 27, 2005 order. The writ will issue only if Respondent fails to comply with this opinion.