**In re STATE of Texas ex rel. Jose R. RODRIGUEZ, Relator.**

No. 08–06–00070–CV.

Court of Appeals of Texas, El Paso.

July 6, 2006.

Cygne Nemir, Asst. County Atty., El Paso, for Relator.

John P. Mobbs, Attorney At Law, El Paso, for Respondent.

Fernando Chacon, El Paso, for Real Party In Interest.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is the second mandamus proceeding arising out of a bond forfeiture pending before the Honorable Luis Aguilar, Judge of the 120th District Court (Respondent). *See In re State of Texas ex rel. Jose R. Rodriguez*, 166 S.W.3d 894 (Tex. App.-El Paso 2005, orig. proceeding) (conditionally granting mandamus relief where district court entered order prohibiting county attorney from prosecuting bond forfeitures). Relator, Jose R. Rodriguez, the El Paso County Attorney, seeks a writ of mandamus on behalf of the State of Texas, directing Respondent to vacate an order denying the State's motion to strike an intervention filed by Fernando Rodriguez d/b/a America III Bail Bonds (Intervenor). Alternatively, Relator would require Respondent to hold a hearing and rule on certain dispositive motions. We deny mandamus relief.

## FACTUAL SUMMARY

Certain facts were stated in the previous opinion but we re-state them here to provide the context of this proceeding. Carmen Calderon was arrested for fraudulent use or possession of identifying information. On August 8, 2003, Calderon and Safety National Casualty Corporation[1] posted an appearance bond in the amount of $10,000. A two-count indictment was returned against Calderon and the case was assigned to the 120th District Court (Respondent). On October 8, 2003, Calderon failed to appear for arraignment and the bond was forfeited. Respondent entered a judgment *nisi* which was filed in cause number 2003BF295. An answer was filed on behalf of both Calderon and Safety National, but Calderon has not been re-arrested and her criminal case remains pending.

Jose Rodriguez, the El Paso County Attorney, represents the State in all bond forfeitures pursuant to an agreement with the 34th District Attorney, Jaime Esparza. *In re State of Texas ex rel. Jose R. Rodriguez*, 166 S.W.3d 894, 896 (Tex.App.-El Paso 2005, orig. proceeding). In the bond forfeiture case, Fernando Rodriguez d/b/a America III Bail Bonds filed the intervention suit against Relator and Esparza in their official capacities in a pleading entitled "Plaintiff's Original Petition for Declaratory Judgment, Temporary Restraining Order, Injunction & Request for Disclosure." *Id.* The petition alleges that Relator is not authorized to prosecute bond forfeiture cases. *Id.* Intervenor sought to prohibit the County Attorney from prosecuting bond forfeitures and the District Attorney from referring these cases to the County Attorney. *Id.* Safety National and Intervenor also filed a Rule 12[2] motion to show authority and included their argument about the County Attorney's lack of authority as an affirmative defense to the bond forfeiture. *Id.*

The State, represented by the County Attorney, filed a motion to quash the bondsman's pleadings and to strike the intervention because substantive civil re-

---

1. Fernando Rodriguez d/b/a America III Bail Bonds is the agent who issued the bond on behalf of the surety, Safety National Casualty Corporation.

2. TEX.R. CIV. P. 12.

lief may not be granted in a bond forfeiture proceeding. The motion to strike also asserted that the court lacked subject matter jurisdiction because Intervenor lacked standing to intervene in the bond forfeiture. Finally, the motion included a plea to the jurisdiction based on Relator's governmental immunity. Respondent initially granted the State's motion and struck all pleadings filed by Fernando Rodriguez d/b/a America III Bail Bonds, but the court subsequently reconsidered that ruling and denied the motion to strike. Respondent also entered an order determining that the County Attorney was not authorized to represent the State in bond forfeiture proceedings. That order and the order denying the motion to quash were the subject of the previous mandamus proceeding.

While that mandamus proceeding was pending, Safety National (purportedly d/b/a America III Bail Bonds) sought mandamus relief in the Court of Criminal Appeals on June 1, 2005. The Court of Criminal Appeals denied the motion for leave to file on June 22, 2005. The following day, we conditionally granted mandamus relief and ordered Respondent to vacate his order prohibiting the County Attorney from prosecuting bond forfeitures. *In re State of Texas ex rel. Jose R. Rodriguez,* 166 S.W.3d at 898–99. We did not, however, specifically address Relator's complaint regarding the intervention because our opinion effectively resolved the merits of the issues raised in the intervention and we anticipated that both the bond forfeiture and the intervention would be resolved in due course. Respondent complied with our order on August 1, 2005. The Court of Criminal Appeals, on September 28, 2005, denied Safety National leave to file another application for writ of mandamus seeking to challenge our opinion and judgment.

On October 21, 2005, Relator and Esparza filed a motion to require America III Bail Bonds to dismiss them from the suit and name the appropriate governmental unit as a defendant pursuant to Section 101.106(f) of the Civil Practice and Remedies Code.[3] If America III Bail Bonds failed to amend the suit within thirty days, Relator and Esparza sought dismissal of the suit. Relator also filed a motion for summary judgment on the bond forfeiture. Over the next four months, the bond forfeiture was set for final hearing several times but it was never heard.

On April 6, 2006, Relator filed this petition seeking mandamus relief based on Respondent's denial of Relator's motion to strike the intervention and his refusal to hear or rule on other dispositive motions, including Relator's motion for summary judgment. Since the filing of the mandamus petition, Respondent granted Intervenor's motion to sever the bond forfeiture from the intervention.[4] Respondent set

---

**3.** Section 101.106(f) provides: If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f) (Vernon 2005).

**4.** Undaunted by the Court of Criminal Appeals' denial of mandamus relief, Intervenor has continued to argue before Respondent that this Court's opinion need not be followed in ruling on the issues raised by the intervention because it is erroneous and non-binding. By obtaining a severance of the intervention into a civil cause number, Intervenor apparently hopes to obtain review before the Texas Supreme Court.

the bond forfeiture and the severed civil suit for hearing on May 18, 2006, but did not hear them because notice of the hearing had only been provided under the bond forfeiture cause number.[5] The court reset the cases for final hearing on May 31, 2006. At the subsequent hearing, Respondent denied the State's motion for summary judgment filed in the bond forfeiture action, but he did not rule on the motion to dismiss pending in the severed action.

## STANDARD OF REVIEW

■■■■ To establish an entitlement to mandamus relief, a relator must satisfy two requirements: (1) there must be no adequate remedy at law to redress his alleged harm; and (2) the relator must have a clear right to the relief sought. *Buntion v. Harmon*, 827 S.W.2d 945, 947–48 and n. 2 (Tex.Crim.App.1992); *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex.Crim.App.1992). The second element has historically been stated in terms of requiring that the judicial conduct from which relief is sought be "ministerial" in nature. *Buntion*, 827 S.W.2d at 948 n. 2. An act is ministerial "where the law clearly spells out the duty to be performed ... with such certainty that nothing is left to the exercise of discretion or judgment." *Texas Dept. of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex.Crim.App.1981). A ministerial act is not implicated if the trial court must weigh conflicting claims or collateral matters which require legal resolution. *State ex rel. Hill v. Court of Appeals for Fifth District*, 34 S.W.3d 924, 927 (Tex. Crim.App.2001). However, a so-called "discretionary" act may become "ministerial" when the facts and circumstances dic-

tate but one rational decision. *Buntion*, 827 S.W.2d at 948 n. 2.

## FAILURE TO RULE

In Issues One and Two, Relator contends that Respondent has clearly abused his discretion by failing to consider or rule upon the State's motion for summary judgment pending in the bond forfeiture action and the motion to dismiss pending in the now-severed intervention. The portion of the issues related to the State's summary judgment motion have been rendered moot by Respondent's denial of that motion.

■■■■ With respect to the severed civil action, Intervenor argues that Relator can appeal any judgment entered against him in the future. This argument does not address Relator's complaint that Respondent will not rule on the motion to dismiss. Consequently, we find that Relator does not have an adequate remedy by appeal to challenge Respondent's failure to rule upon pending motions.

■■■■ Mandamus will not issue to compel a particular result in what is manifestly a discretionary decision. *White v. Reiter*, 640 S.W.2d 586, 593–94 (Tex.Crim.App. 1982). Mandamus may, however, be appropriate to impel the consideration of a motion, the issuance of a ruling, an entry of a judgment or other act, the doing of which is not discretionary. *Id.* at 594. Thus, Respondent has a ministerial duty to not only hear but also rule upon Relator's motion to dismiss. *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex.Crim. App.1987). Once a ruling has been requested on a pending motion, a trial court is required to consider and rule on the motion within a reasonable time. *In re*

---

5. The May 18 hearing date for the motions for summary judgment and motion to dismiss were set before Respondent had conducted a hearing on Intervenor's motion for severance and before the cases were severed. There-fore, notice was properly given in the original cause number and there was no legal impediment to Respondent hearing the dispositive motions.

*Greenwell*, 160 S.W.3d 286, 288 (Tex.App.-Texarkana 2005, orig. proceeding). While a court has some discretion in the manner in which it rules on motions, the court commits a clear abuse of discretion when it refuses to rule on pending motions. *Id.* However, if a reasonable time has not yet passed, the trial court's failure to rule may not be a clear abuse of discretion. *Id.*

At the May 31 hearing, Respondent heard Relator's motion to dismiss, but at the conclusion of the hearing Respondent stated that he needed 48 hours to do additional reading on the matter and would rule by Friday, June 2. In a letter brief filed on June 6, 2006, Relator's counsel has informed the Court that Respondent did not rule by June 2 as promised, but had instead left on vacation and would not return until July. Respondent's counsel has not filed any response to Relator's letter brief. Although we are mindful of the continued delays that have occurred in this case and the disdain Respondent has shown for Relator's office, we are unable to conclude that a clear abuse of discretion is shown by Respondent's failure to rule before going on vacation. If Respondent does not rule within a reasonable time upon returning from vacation, Relator can reassert his complaint. Issues One and Two are overruled.

### DENIAL OF THE MOTION TO STRIKE THE INTERVENTION

In Issues Three and Four, Relator seeks mandamus relief because Respondent denied the State's motion to strike the intervention. Relator based its motion on Intervenor's lack of standing and it argued that a party could not be granted substantive civil relief in a bond forfeiture. Relator also asserted governmental immunity as a defense. Finally, Relator sought to have the intervention struck for good cause because it would provide a means for the bondsman to delay hearing on the merits of the bond forfeiture.[6]

The first issue we must address is whether review of this issue is barred by laches. Although mandamus is not an equitable remedy, it is largely governed by equitable principles. *Rivercenter Associates v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). One such principle is that equity aids the diligent and not those who slumber on their rights. *Id.* The order denying Relator's motion to strike was entered on January 6, 2005. Relator raised an issue in the first mandamus pertaining to this particular ruling, but we did not specifically address it. Because Relator attempted to have the issue reviewed in the context of the first mandamus, we conclude that laches does not preclude review here.

We next consider whether Relator's complaints have become moot now that Respondent has severed the intervention from the bond forfeiture. The first basis for the motion to strike was that Intervenor lacked standing to intervene in the bond forfeiture because he is not a proper party to the bond forfeiture. Relator is correct that there are only three proper parties to a bond forfeiture proceeding: the State, the defendant principal, and the surety. TEX.CODE CRIM. PROC. ANN. arts. 22.02 and 22.10 (Vernon 1989). The State is also correct that no party to a bond forfeiture may be granted substantive civil relief in a bond forfeiture action. *See Bailout Bonding Company v. State*, 797 S.W.2d 275, 277 (Tex.App.-Dallas 1990, pet. ref'd). However, Relator's complaint regarding Intervenor's standing to intervene in the bond forfeiture has been rendered moot by the severance order be-

---

6.  Relator's fears regarding delay of the bond forfeiture proved to be well-founded.

cause Intervenor is no longer an improper party to the bond forfeiture. Any other issues related to Fernando Rodriguez's standing to maintain his civil suit against Relator and Esparza must be addressed in the context of that separate suit.

 With respect to the second issue, Relator's assertions of governmental immunity must also be addressed in the context of the separate civil action. Finally, the third complaint is related to the potential negative impact or effect of the intervention on the bond forfeiture. The intervention has obviously delayed the resolution of the bond forfeiture but it should no longer have this effect since it has been severed into a separate suit. Accordingly, we conclude that the severance order has rendered Issues Three and Four moot. We therefore overrule Issues Three and Four.

### STANDING

In Issue Five, Relator contends that Intervenor lacks standing to prosecute the civil suit because Intervenor has not been injured and cannot show a justiciable interest. In the absence of standing, Relator reasons that Respondent lacks subject matter jurisdiction. Relator did not raise this specific standing argument in the motion to strike the intervention.

We will first consider whether Relator has an adequate remedy by appeal. Given that the intervention has now been severed, this issue could be raised in a plea to the jurisdiction and Relator would have a right to an accelerated interlocutory appeal of an adverse ruling. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2005) (authorizing an interlocutory appeal when the trial court enters an order granting or denying a plea to the jurisdiction by a governmental unit). We conclude this is an adequate legal remedy.

Issue Five is overruled. Having overruled all five issues, we deny mandamus relief.