Petition for Writ of Mandamus Denied and Memorandum Opinion filed April
16, 2009












Petition
for Writ of Mandamus Denied and Memorandum Opinion filed April 16, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00291-CR

____________

 

IN RE JERRY FULLER, Relator

 

 





 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 





 

M E M O R
A N D U M   O P I N I O N

On April
1, 2009, relator, Jerry Fuller, filed a petition for
writ of mandamus in this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  In the petition, relator
asks this court to compel the Honorable Jim Wallace, presiding judge of the
263rd District Court of Harris County to grant the State=s motion to designate factual issues
to be resolved with regard to his application for writ of habeas corpus and to
designate such issues.  

 

Relator filed an application for writ of habeas corpus in the trial
court.  On September 24, 2008, the Harris County District Attorney=s Office filed a motion requesting
the trial court, pursuant to Article 11.07 ' 3(d) of the Texas Code of Criminal
Procedure, to Adesignate that the issue of whether Applicant
is actually innocent in cause number 9400553 needs to be resolved in the
instant proceeding.@  See Tex. Code Crim.
Proc. art. 11.07, '
3(d) (Vernon
Supp. 2008).  Relator claims, on
September 29, 2008, he received an order from the trial court that the habeas
corpus would be resolved in accordance with article 11.07, ' 3(d).[1]  Relator contends the trial court has ministerial duties to
grant the State=s motion to designate factual issues to be resolved and to
designate such issues as required by article 11.07, ' 3(d). 

In a
criminal case, mandamus relief is authorized only if the relator
establishes that (1) under the facts and the law, the act sought to be
compelled is purely ministerial; and (2) he has no other adequate legal
remedy.  State ex rel. Rosenthal v. Poe,
98 S.W.3d 194, 198 (Tex. Crim. App. 2003) (orig.
proceeding).  An act is ministerial Awhen the law clearly spells out the duty
to be performed . . . with such certainty that nothing is left to the exercise
of discretion or judgment.@ 
State ex rel. Healy v. McMeans,
884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (orig.
proceeding).  A[M]andamus may be appropriate to
impel the consideration of a motion, the issuance of a ruling, an entry of a
judgment or other act, the doing of which is not discretionary.@  White v. Reiter, 640
S.W.2d 586, 594 (Tex. Crim. App. 1982) (orig.
proceeding).  Thus, mandamus will not issue to compel a particular result
in what is manifestly a discretionary decision.  State ex rel. Rodriguez, 196 S.W.3d 454, 458 (Tex. App.CEl
Paso 2006, orig. proceeding).  

 

Consideration
of a motion properly filed and before the court is ministerial.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).  The relator establishes an abuse of discretion if the trial
court (1) had a legal duty to rule on the motion; (2) was asked to rule on the
motion; and (3) failed or refused to rule on the motion.  In re Keeter, 134 S.W.3d 250, 252 (Tex. App.CWaco 2003, orig.
proceeding).  

Relator contends he has established the trial court abused its
discretion because it has a legal duty to grant the State=s motion and to designate factual
issues to be resolved.  Moreover, attaching the affidavit of an individual
who attests to having  made telephone calls to
the district attorney=s office and the trial court seeking a disposition of relator=s application, relator asserts the
motion was brought to the attention of the trial court.  However, while a
trial court has a ministerial duty to rule upon a motion that is properly and
timely presented to it for a ruling, in general it has no ministerial duty to
rule on that motion in a certain way.  State ex rel.
Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d
207, 210 (Tex. Crim. App. 2007) (orig.
proceeding).  Therefore, we are precluded from directing the trial court
to grant the State=s motion.  

 

Upon
receipt of an application for writ of habeas corpus challenging a final felony
conviction, the attorney representing the State has 15 days to respond.  Tex. Code Crim. Proc. Art. 11.07, ' 3(b).  After
the expiration of the time allowed for the State to respond, the trial court is
allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the
legality of the applicant=s confinement.  Id.
' 3(c).  If the trial court
determines the application for writ of habeas corpus presents such issues, it Ashall enter an order within 20 days of the
expiration of the time allowed for the state to reply, designating issues of
fact to be resolved.@  Id. ' 3(d).  Thus, the trial court
has 35 days to enter an order designating issues after the filing date of an
11.07 application for writ of habeas corpus.  Article 11.07 requires the
trial court to either (1) enter an order designating contested factual issues
within 35 days of the receipt of the writ applicationCregardless of
whether the State files a response; or (2) if there are no unresolved
facts to be determined, to send the application and all associated materials to
the Court of Criminal Appeals.  Gibson v. Dallas County Dist. Clerk,
275 S.W.3d 491, 492 (Tex. Crim. App. 2009) (orig.
proceeding)

Because
article 11.07 allows the trial court to designate, or not designate, factual
issues, depending upon its determination of whether any factual issues exist,
such action is discretionary.  A court of appeals abuses its discretion in
granting a mandamus when the act sought to be compelled is not
ministerial.  State ex rel. Hill v. Court of
Appeals for Fifth Dist., 34 S.W.3d 924, 927 (Tex. Crim.
App. 2001) (orig. proceeding).  Therefore, we cannot compel the trial
court to designate factual issues for resolution in the underlying habeas
corpus proceeding.  

Relator has not established his entitlement to the extraordinary
relief of a writ of mandamus.  Accordingly, we deny relator=s petition for writ of
mandamus.  

 

PER CURIAM

 

Panel consists of Justices Seymore,
Brown, and Sullivan.  

Do Not Publish — Tex. R. App. P. 47.2(b).














 
          [1]  Relator
has not included a copy of this order his mandamus record.  See
Tex. R. App. P. 52.3(k)(1)(A) (requiring appendix to
include certified or sworn copy of any order complained of, or any other
document showing matter complained of); Id. 52.7(a)(1) (requiring record
to include certified or sworn copy of every document that is material to relator=s claim for
relief and that was filed in any underlying proceeding).