

### KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 10, 2015

The Honorable Renee Ann Mueller
Washington County Attorney
100 East Main, Suite 200
Brenham, Texas 77833

Opinion No. KP-0030

Re: Whether a county attorney with criminal jurisdiction may, pursuant to section 41.005, Government Code, retain a commission on bond forfeiture collection (RQ-0010-KP)

Dear Ms. Mueller:

You state that your office "has criminal jurisdiction over adult misdemeanors and represents the State in bond forfeiture proceedings arising out of these criminal proceedings."[1] You ask "whether section 41.005 of the Government Code authorizes a County Attorney to separate a portion of bond forfeiture collections as a commission without the approval of the commissioners court." Request Letter.

Subsection 41.005(b) of the Government Code states that a "district or county attorney may retain a commission from money collected for the state or a county. The amount of the commission in any one case is 10 percent of the first $1,000 collected, and five percent of the amount collected over $1,000." TEX. GOV'T CODE ANN. § 41.005(b) (West 2004). A prior opinion of this office addressed whether section 41.005 authorizes a district attorney to retain a commission on money obtained through bond forfeiture proceedings without the approval of the commissioners court. *See* Tex. Att'y Gen. Op. No. GA-0997 (2013) at 1. Construing the statute and considering other pertinent law, the opinion concludes, in part:

> Section 41.005 of the Government Code authorizes a district attorney to separate a portion of bond forfeiture collections as a commission without the approval of the commissioners court.

---

[1] *See* Letter from Mr. John Winkelmann, Ass't Washington Cnty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. (Feb. 11, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter"). *See also* TEX. CODE CRIM. PROC. ANN. art. 2.02 (West 2005) (stating duties of county attorney in criminal cases); *Ranger Ins. Co. v. State*, 312 S.W.3d 266, 268 (Tex. App.—Dallas 2010, pet. dism'd) (stating, "It is well settled that bond forfeiture cases are criminal matters . . . ."); *In re State ex rel. Rodriguez*, 166 S.W.3d 894, 897–98 (Tex. App.—El Paso 2005, orig. proceeding) (recognizing that county attorney had authority to represent the state in bond forfeiture proceedings under the constitution, statutes, and an agreement with the district attorney).

*Id.* at 2. The opinion does not discuss county attorney authority because the requestor asked only about district attorneys. *Id.* at 1. Section 41.005, however, plainly grants the same authority to both county and district attorneys to whom the statute applies. TEX. GOV'T CODE ANN. § 41.005(a)–(b) (West 2004). Section 41.005 has not been amended since the opinion was issued, and we are not aware of any change in pertinent law to cause us to reconsider the opinion's analysis. Accordingly, subsection 41.005(b) of the Government Code authorizes a county attorney with criminal jurisdiction who represents the state in bond forfeiture proceedings to separate a specified amount of bond forfeiture collections as a commission without the approval of the commissioners court.[2]

---

[2]You do not ask about the disposition of bond forfeiture commissions. While we do not address that issue here, Attorney General Opinion GA-0997 explains the principles governing a district or county attorney who retains a commission under section 41.005 of the Government Code. *See generally* Tex. Att'y Gen. Op. No. GA-0997 (2013).

## S U M M A R Y

Subsection 41.005(b) of the Government Code authorizes a county attorney with criminal jurisdiction who represents the state in related bond forfeiture proceedings to retain a portion of bond forfeiture collections as a commission without the approval of the commissioners court.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee