COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § | No. 08-24-00343-CR |
|---|---|---|
| IN RE | § | Appeal from the |
| DEVORIS NEWSON, | § | 384th Judicial District Court |
| Relator. | § | of El Paso County, Texas |
|  | § | (TC# 20240D01344, 20240D01345, and 20240D04878) |

## MEMORANDUM OPINION

Devoris Newson is incarcerated pending trial on charges alleging stalking, unlawful possession of a firearm, and two assaults on a public servant. Currently pending before us are three pro se filings that we interpret as petitions for writ of mandamus.[1] In this case, Relator complains that he has not been arraigned or attended any pre-trial hearings. He requests that we order the trial

---

[1] He has previously filed numerous pro se appeals and petitions with this court and federal courts while incarcerated. *Newson v. State*, No. 08-23-00212-CR, 2023 WL 5420246 (Tex. App.—El Paso Aug. 22, 2023, no pet.); *Newson v. State*, No. 08-23-00213-CR, 2023 WL 5420248 (Tex. App.—El Paso Aug. 22, 2023, no pet.); *Newson v. State*, No. 08-23-00258-CR, 2023 WL 6814135 (Tex. App.—El Paso Oct. 16, 2023, no pet.); *Newson v. State*, No. 08-23-00259-CR, 2023 WL 6814142 (Tex. App.—El Paso Oct. 16, 2023, no pet.); *Newson v. Douglas et al.*, No. 3:24-CV-00098 (W.D. Tex., El Paso Div., Mar. 25, 2024); *Newson v. Newson et al.*, No. 3:24-CV-00107 (W.D. Tex., El Paso Div., Apr. 2, 2024)*; Newson v. Newson et al.*, No. 3:24-CV-00109 (W.D. Tex., El Paso Div., Apr. 3, 2024); *Newson v. Chase Bank*, No. EP-24-CV-00073-DB, 2024 WL 3404813, at *3 (W.D. Tex. July 10, 2024); *Newson v. State*, No. 08-24-00061-CR, 2024 WL 1599210 (Tex. App.—El Paso Apr. 12, 2024, no pet.); *Newson v. State*, No. 08-24-00062-CR, 2024 WL 1599207 (Tex. App.—El Paso Apr. 12, 2024, no pet.); *Newson v. State*, No. 08-24-00112-CR, 2024 WL 2739393 (Tex. App.—El Paso May 28, 2024, no pet.); *Newson v. State*, No. 08-24-00113-CR, 2024 WL 2739419 (Tex. App.—El Paso May 28, 2024, no pet.); *Newson v. State*, No. 08-24-00114-CR, 2024 WL 2758712 (Tex. App.—El Paso May 29, 2024, no pet.); *Newson v. State*, No. 08-24-00115-CR, 2024 WL 2758716 (Tex. App.—El Paso May 29, 2024, no pet.).

court "to hold proper arraignment proceedings as well as rehold all previous pretrial proceedings this time mandating [his] presence." To clarify the status of the proceedings below, we requested the State to file a response.

## I. BACKGROUND

According to the State's response and the court records it provided, Appellant was indicted on March 7, 2024, for stalking and unlawful possession of a firearm by a felon (offense date of January 10, 2024 through January 31, 2024, Cause # 20240D01344). The same day, the grand jury indicted Relator for aggravated assault against a public servant by biting a detention officer's finger off (offense date February 6, 2024, Cause # 20240D01345). The jail magistrate entered an order dated February 8, 2024, requiring Emergence Health Network to assess Relator for a mental illness based on information that "establishes reasonable cause to believe that the defendant . . . has a mental illness[.]" The El Paso County Public Defender's Office was appointed to represent Relator, that office acknowledging the representation by letter to Relator on March 20, 2024.

The appointed attorney on April 23, 2024, filed a motion for a psychiatric examination to determine Relator's competency to stand trial. That motion states, "Defendant does not have a sufficient present ability to consult with counsel with a reasonable degree of rational understanding and appears to lack a rational as well as factual understanding of the proceedings against him. In addition, the Defendant's behavior at this time is considered inappropriate for the courtroom setting." The attorney stated that "this determination is based upon observations and interactions with the Defendant[.]" Soon afterwards, the cases related to these indictments were transferred to the 384th District Competency Court.

That Court on May 9, 2024, signed an order for Dr. Cynthia Rivera to examine Relator on May 15, 2024, to determine his competency as the term is defined by Article 46B.003 of the Texas

2

Code of Criminal Procedure. The Court later entered orders on June 17, 2024, reciting that "a jury was not requested by either party and neither party opposed a finding of incompetency." The trial court ordered that Relator be committed for 120 days "for further examination and treatment toward the specific objective of attaining competency to stand trial."

Relator was also indicted by the Grand Jury on August 20, 2024, for assault on a public servant by striking a detention officer on the face or head on July 6, 2024 (Cause # 20240D04878). A separate order for commitment was signed by the trial court on September 19, 2024. Like the previous orders, it recited that "a jury was not requested by either party and neither party opposed the finding of incompetency."

At the time the State filed its response, it represented the Relator was in line to be transferred to a State facility once a bed opened.

## II. Discussion

To be entitled to mandamus relief, a relator must show that he has a "clear right to relief" and "no adequate remedy at law." *State ex rel. Rodriguez*, 196 S.W.3d 454, 458 (Tex. App.—El Paso 2006, no pet.). To prove that he has a clear right to relief, he must show that the act he seeks to compel was "ministerial." *Id.* When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

An accused must be arraigned in all felony cases, unless waived by the accused's attorney. Tex. Code Crim. Pro. Ann. art. 26.01; 26.011. "An arraignment takes place for the purpose of fixing his identity and hearing his plea." *Id.* art. 26.02. The Code does not fix the time for arraignment other than to provide the defendant at least two days from the service of the indictment. *Id.* art. 26.03. A "defendant must be present at the arraignment, and his presence is

required during any pre-trial proceeding." *Id*. art. 28.01 § 1. But when a defendant's attorney waives arraignment, "the clerk of the court may not require the presence of the defendant as a condition of accepting the waiver." *Id*. art. 26.011.

In this case, the record does not reflect that an arraignment or any hearings were held before Relator was found incompetent to stand trial.[2] Once the court determines that there is evidence to support a finding of incompetency, the court "shall stay all other proceedings in the case." *Id*. art. 46B.003(d). By April 23, 2024, defense counsel had filed a motion raising the competency issue. On May 9, 2024, the trial court entered an order for Dr. Cynthia Rivera to examine Relator. No other hearings could be held following these events until the competency issue was resolved. He has not, therefore, established that the trial court violated a ministerial duty to command his presence at any hearing.

Because Relator has not established his right to mandamus relief, his petition for writ of mandamus is denied.

JEFF ALLEY, Chief Justice

November 26, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)

---

[2] And, as we held in case 08-24-00340-CR, a hearing is not necessary for a court to enter an order finding a defendant incompetent to stand trial when agreed to by the parties.

4