

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | No. 08-24-00339-CR |
|---|---|---|
| IN RE | § | Appeal from the |
| DEVORIS NEWSON, | § | 384th Judicial District Court |
| Relator. | § | of El Paso County, Texas |
| | § | (TC# 20240D01344, 20240D01345, and 20240D04878) |

## MEMORANDUM OPINION

Devoris Newson is incarcerated pending trial on charges alleging stalking, unlawful possession of a firearm, and two assaults on a public servant. Currently pending before us are three pro se filings that we interpret as petitions for writ of mandamus.[1] In this case, Relator complains that the district clerk has refused to send him copies of filings and transcripts of hearings that he

---

[1] He has previously filed numerous pro se appeals and petitions with this court and federal courts while incarcerated. *Newson v. State*, No. 08-23-00212-CR, 2023 WL 5420246 (Tex. App.—El Paso Aug. 22, 2023, no pet.); *Newson v. State*, No. 08-23-00213-CR, 2023 WL 5420248 (Tex. App.—El Paso Aug. 22, 2023, no pet.); *Newson v. State*, No. 08-23-00258-CR, 2023 WL 6814135 (Tex. App.—El Paso Oct. 16, 2023, no pet.); *Newson v. State*, No. 08-23-00259-CR, 2023 WL 6814142 (Tex. App.—El Paso Oct. 16, 2023, no pet.); *Newson v. Douglas et al.*, No. 3:24-CV-00098 (W.D. Tex., El Paso Div., Mar. 25, 2024); *Newson v. Newson et al.*, No. 3:24-CV-00107 (W.D. Tex., El Paso Div., Apr. 2, 2024)*; Newson v. Newson et al.*, No. 3:24-CV-00109 (W.D. Tex., El Paso Div., Apr. 3, 2024); *Newson v. Chase Bank*, No. EP-24-CV-00073-DB, 2024 WL 3404813, at *3 (W.D. Tex. July 10, 2024); *Newson v. State*, No. 08-24-00061-CR, 2024 WL 1599210 (Tex. App.—El Paso Apr. 12, 2024, no pet.); *Newson v. State*, No. 08-24-00062-CR, 2024 WL 1599207 (Tex. App.—El Paso Apr. 12, 2024, no pet.); *Newson v. State*, No. 08-24-00112-CR, 2024 WL 2739393 (Tex. App.—El Paso May 28, 2024, no pet.); *Newson v. State*, No. 08-24-00113-CR, 2024 WL 2739419 (Tex. App.—El Paso May 28, 2024, no pet.); *Newson v. State*, No. 08-24-00114-CR, 2024 WL 2758712 (Tex. App.—El Paso May 29, 2024, no pet.); *Newson v. State*, No. 08-24-00115-CR, 2024 WL 2758716 (Tex. App.—El Paso May 29, 2024, no pet.).

needs to file a pretrial writ of habeas corpus or pursue a mandamus action. He requests that we order the clerk to provide information and documents in response to his request. To clarify the status of the proceedings below, we requested the State to file a response.

## I. BACKGROUND

According to the State's response and the court records it provided, Appellant was indicted on March 7, 2024, for stalking and unlawful possession of a firearm by a felon (offense dated January 10, 2024 through January 31, 2024, Cause # 20240D01344). The same day, the grand jury indicted Relator for aggravated assault against a public servant by biting a detention officer's finger off (offense date February 6, 2024, Cause # 20240D01345). The jail magistrate entered an order dated February 8, 2024, requiring Emergence Health Network to assess Relator for a mental illness based on information that "establishes reasonable cause to believe that the defendant . . . has a mental illness[.]" The El Paso County Public Defender's Office was appointed to represent Relator, that office acknowledging the representation by letter to Relator on March 20, 2024.

The appointed attorney on April 23, 2024, filed a motion for a psychiatric examination to determine Relator's competency to stand trial. That motion states, "Defendant does not have a sufficient present ability to consult with counsel with a reasonable degree of rational understanding and appears to lack a rational as well as factual understanding of the proceedings against him. In addition, the Defendant's behavior at this time is considered inappropriate for the courtroom setting." The attorney stated that "this determination is based upon observations and interactions with the Defendant[.]" Soon afterwards, the cases related to these indictments were transferred to the 384th District Competency Court.

That Court on May 9, 2024, signed an order for Dr. Cynthia Rivera to examine Relator on May 15, 2024, to determine his competency as the term is defined by Article 46B.003 of the Texas

2

Code of Criminal Procedure. The Court later entered orders on June 17, 2024, reciting that "a jury was not requested by either party and neither party opposed a finding of incompetency." The trial court ordered that Relator be committed for 120 days "for further examination and treatment toward the specific objective of attaining competency to stand trial."

Relator was also indicted by the Grand Jury on August 20, 2024, for assault on a public servant by striking a detention officer on the face or head on July 6, 2024 (Cause # 20240D04878). A separate order for commitment was signed by the trial court on September 19, 2024. Like the previous orders, it recited that "a jury was not requested by either party and neither party opposed the finding of incompetency."

At the time the State filed its response, it represented the Relator was in line to be transferred to a State facility once a bed opened.

## II. DISCUSSION

To be entitled to mandamus relief, a relator must show that he has a "clear right to relief" and "no adequate remedy at law." *State ex rel. Rodriguez*, 196 S.W.3d 454, 458 (Tex. App.—El Paso 2006, no pet.). To prove that he has a clear right to relief, he must show that the act he seeks to compel was "ministerial." *Id.* When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). We find several problems with Relator's claim that he meets this standard.

First, he cannot show that the district clerk violated any duty that would demonstrate he has a clear right to relief. Under the Government Code:

(a) A governmental body is not required to accept or comply with a request for information from:

(1) an individual who is imprisoned or confined in a correctional facility; or

3

(2) an agent of that individual, other than that individual's attorney when the attorney is requesting information that is subject to disclosure under this chapter.

Tex. Gov't Code Ann. § 552.028(a). "Correctional facility" is defined to include county jails. *Id.* § 552.028(c)(1) (adopting definition of correction facility from § 1.07, Penal Code); Tex. Penal Code § 1.07(14)(A) (defining correctional facility to include "a municipal or county jail"). This same statute does not *prevent* the sharing of the information, § 552.028(b), but it is not a mandatory duty, and thus not subject to mandamus.

One important proviso for § 552.028 is that an *unrepresented* person may have a constitutional right to information necessary to present his or her grievances to the government. *See In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014) ("By depriving relator of the information about the cost to obtain his trial and appellate transcripts, the district clerk's policy invoking Section 552.028 deprived relator of the ability to prepare an application for a writ of habeas corpus that included all possible grounds for relief and thereby denied him the right to access the courts."). But here, Relator has appointed counsel representing him in all three of his pending cases. He has no right to represent himself while being represented by counsel. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Because he is represented by counsel, the district clerk has no duty to respond to Relator's pro se requests. Those should all be made through counsel.

We deny relief for another reason. This court has the authority to issue writs of mandamus against a judge of a district or county court in our district and all writs necessary to enforce our jurisdiction. Tex. Gov't Code Ann. § 22.221(b). "[W]e may issue a writ of mandamus to a district clerk only if he or she interferes with the court's jurisdiction." *In re Rojas*, No. 08-14-00132-CV, 2014 WL 2090553, at *1 (Tex. App.—El Paso May 16, 2014, no pet.) (mem. op.); *see also In re*

*Kotara*, No. 07-22-00092-CR, 2022 WL 1243796, at \*1–2 (Tex. App.—Amarillo Apr. 27, 2022, original proceeding) (mem. op., not designated for publication). Relator has not shown that the failure of the district clerk to provide him copies of pleadings in his case interferes with this Court's jurisdiction. Relator has two other mandamus petitions presently before this Court, both of which are also decided today, but neither of which is decided on a failure to present a complete record.[2] Accordingly, Relator has not demonstrated that the exercise of our mandamus authority against a district clerk is appropriate to enforce our jurisdiction.

We deny Relator's request to issue a writ of mandamus against a district clerk in this proceeding.

JEFF ALLEY, Chief Justice

November 26, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)

---

[2] *In re Newson*, No 08-24-00340-CR (Tex. App.—El Paso Nov. 26, 2024, no pet. h.); *In re Newson*, No 08-24-00343-CR (Tex. App.—El Paso Nov. 26, 2024, no pet. h.)

5