

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-24-00340-CR |
| IN RE | § | Appeal from the |
| DEVORIS NEWSON, | § | 384th Judicial District Court |
| Relator. | § | of El Paso County, Texas |
| | § | (TC# 20240D01344, 20240D01345, and 20240D04878) |

## <u>MEMORANDUM OPINION</u>

Devoris Newson is incarcerated pending trial on charges alleging stalking, unlawful

possession of a firearm, and two assaults on a public servant. Currently pending before us are three

pro se filings that we interpret as petitions for writ of mandamus.[1] In this case, Relator complains

that the court entered orders regarding his competency without his knowledge or consent and

---

[1] He has previously filed numerous pro se appeals and petitions with this court and federal courts while incarcerated. *Newson v. State*, No. 08-23-00212-CR, 2023 WL 5420246 (Tex. App.—El Paso Aug. 22, 2023, no pet.); *Newson v. State*, No. 08-23-00213-CR, 2023 WL 5420248 (Tex. App.—El Paso Aug. 22, 2023, no pet.); *Newson v. State*, No. 08-23-00258-CR, 2023 WL 6814135 (Tex. App.—El Paso Oct. 16, 2023, no pet.); *Newson v. State*, No. 08-23-00259-CR, 2023 WL 6814142 (Tex. App.—El Paso Oct. 16, 2023, no pet.); *Newson v. Douglas et al.*, No. 3:24-CV-00098 (W.D. Tex., El Paso Div., Mar. 25, 2024); *Newson v. Newson et al.*, No. 3:24-CV-00107 (W.D. Tex., El Paso Div., Apr. 2, 2024)*; Newson v. Newson et al.*, No. 3:24-CV-00109 (W.D. Tex., El Paso Div., Apr. 3, 2024); *Newson v. Chase Bank*, No. EP-24-CV-00073-DB, 2024 WL 3404813, at *3 (W.D. Tex. July 10, 2024); *Newson v. State*, No. 08-24-00061-CR, 2024 WL 1599210 (Tex. App.—El Paso Apr. 12, 2024, no pet.); *Newson v. State*, No. 08-24-00062-CR, 2024 WL 1599207 (Tex. App.—El Paso Apr. 12, 2024, no pet.); *Newson v. State*, No. 08-24-00112-CR, 2024 WL 2739393 (Tex. App.—El Paso May 28, 2024, no pet.); *Newson v. State*, No. 08-24-00113-CR, 2024 WL 2739419 (Tex. App.—El Paso May 28, 2024, no pet.); *Newson v. State*, No. 08-24-00114-CR, 2024 WL 2758712 (Tex. App.—El Paso May 29, 2024, no pet.); *Newson v. State*, No. 08-24-00115-CR, 2024 WL 2758716 (Tex. App.—El Paso May 29, 2024, no pet.).

without a hearing. He requests that we order the trial court to hold a competency trial. To clarify the status of the proceedings below, we requested the State to file a response.

## I. BACKGROUND

According to the State's response and the court records it provided, Appellant was indicted on March 7, 2024, for stalking and unlawful possession of a firearm by a felon (offense date of January 10, 2024 through January 31, 2024, Cause # 20240D01344). The same day, the grand jury indicted Relator for aggravated assault against a public servant by biting a detention officer's finger off (offense date February 6, 2024, Cause # 20240D01345). The jail magistrate entered an order dated February 8, 2024, requiring Emergence Health Network to assess Relator for a mental illness based on information that "establishes reasonable cause to believe that the defendant . . . has a mental illness[.]" The El Paso County Public Defender's Office was appointed to represent Relator, that office acknowledging the representation by letter to Relator on March 20, 2024.

The appointed attorney on April 23, 2024, filed a motion for a psychiatric examination to determine Relator's competency to stand trial. That motion states, "Defendant does not have a sufficient present ability to consult with counsel with a reasonable degree of rational understanding and appears to lack a rational as well as factual understanding of the proceedings against him. In addition, the Defendant's behavior at this time is considered inappropriate for the courtroom setting." The attorney stated that "this determination is based upon observations and interactions with the Defendant[.]" Soon afterwards, the cases related to these indictments were transferred to the 384th District Competency Court.

That Court on May 9, 2024, signed an order for Dr. Cynthia Rivera to examine Relator on May 15, 2024 to determine his competency as the term is defined by Article 46B.003 of the Texas Code of Criminal Procedure. The Court later entered orders on June 17, 2024, reciting that "a jury

2

was not requested by either party and neither party opposed a finding of incompetency." The trial court ordered that Relator be committed for 120 days "for further examination and treatment toward the specific objective of attaining competency to stand trial."

Relator was also indicted by the Grand Jury on August 20, 2024, for assault on a public servant by striking a detention officer on the face or head on July 6, 2024 (Cause # 20240D04878). A separate order for commitment was signed by the trial court on September 19, 2024. Like the previous orders, it recited that "a jury was not requested by either party and neither party opposed the finding of incompetency."

At the time the State filed its response, it represented the Relator was in line to be transferred to a State facility once a bed opened.

## II. STANDARD OF REVIEW AND CONTROLLING LAW

To be entitled to mandamus relief, a relator must show that he has a "clear right to relief" and "no adequate remedy at law." *State ex rel. Rodriguez*, 196 S.W.3d 454, 458 (Tex. App.—El Paso 2006, no pet.). To prove that he has a clear right to relief, he must show that the act he seeks to compel was "ministerial." *Id.* When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Competency to stand trial is comprehensively addressed in Article 46B of the Texas Code of Criminal Procedure. During a criminal proceeding, either party may suggest, or the trial court may suggest on its own motion, that the defendant is not competent to stand trial. Tex. Code Crim. Proc. Ann art 46B.004(a). Article 46B.003 defines the standard:

(a) A person is incompetent to stand trial if the person does not have:

     (1)  sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or

     (2)  a rational as well as factual understanding of the proceedings against the person.

    (b)  A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence.

*Id*. art. 46B.003. A suggestion of incompetency is the threshold requirement for an informal inquiry under Subsection (c) and may consist solely of a representation from any credible source that the defendant may be incompetent. *Id*. art. 46B.004(c-1). Once the suggestion is made, "the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." *Id.* art. 46B.004(c). And once the court determines that there is evidence to support a finding of incompetency, the court "shall stay all other proceedings in the case." *Id*. art. 46B.004(d). Following the informal inquiry, and if the court determines that evidence exists to support a finding of incompetency, the trial court must then order a mental examination by a qualified professional to determine whether the defendant is competent to stand trial in a criminal case. *Id.* art. 46B.005.

## III.  DISCUSSION

Relator complains that the trial court did not hold a competency trial. By statute, however, a trial is not required if:

     (1)  Neither party's counsel requests a trial on the issue of incompetency;

     (2)  Neither party's counsel opposes a finding of incompetency; and

     (3)  The court does not, on its own motion determine that a trial is necessary to determine incompetency.

Tex. Code Crim. Proc. Ann. art. 46B.005(c); *Clark v. State*, 592 S.W.3d 919, 926 (Tex. App.—Texarkana 2019, pet. ref'd). If it is agreed that the defendant is incompetent to stand trial, the trial

4

court "shall proceed in the same manner as if a jury had been impaneled and had found the defendant incompetent to stand trial." Tex. Code Crim. Proc. Ann. art. 46B.054. According to the trial court's order, that is the situation here: neither party requested a jury trial nor opposed a finding of incompetency. Because the record reflects that a competency trial was not mandatory, Relator has not established that the trial court violated a ministerial duty.

Taking Relator's petitions together, his complaints are actually more sweeping. He complains of a delayed trial and an involuntary commitment because of agreements made by an attorney he claims to have never met. He also claims to have never appeared before the judge that has ordered his commitment.

We acknowledge the difficult circumstances that arise with competency. Putting a defendant who is not competent to trial violates the accused's due process and would result in a reversal of any conviction so obtained. *See Turner v. State*, 570 S.W.3d 250, 262 (Tex. Crim. App. 2018); *Godinez v. Moran*, 509 U.S. 389, 396 (1993) ("A criminal defendant may not be tried unless he is competent."). Competence to stand trial is not always viewed as an "adversarial" issue and "the prosecutor and the defense attorney, as well as the trial judge, all have an obligation to raise the issue whenever reasonable cause exists to believe that the accused is incompetent." Grant H. Morris, J.D., LL.M. et al., *Competency to Stand Trial on Trial*, 4 HOUS. J. HEALTH L. & POL'Y 193, 198–99 (2004); *see also* Sara Longtain, *The Twilight of Competency and Mental Illness: A Conciliatory Conception of Competency and Insanity*, 43 HOUS. L. REV. 1563, 1578 (2007) ("The competency assessment process is a combined effort. Judges, lawyers, and forensic examiners share responsibility for assuring the constitutional protection against prosecution of an incompetent person.") (footnotes omitted). Defense lawyers are in a unique position to "to make informed, comparative judgments about a particular client's understanding of the proceedings

against him . . . . [and] to assess that client's ability to make decisions required of the client and to provide whatever assistance counsel deems necessary." Longtain, 43 HOUS. L. REV. at 1580. That being said, "[A] criminal defense attorney owes a duty to their client to be faithful to the client's objectives while concurrently obligated to ensure they are not brought to trial if they remain incompetent to stand trial." Beth Mitchell & Lisa Snead, *What Happens After A Finding of Incompetency to Stand Trial in Texas: Commitments Under Article 46B, Subchapters D, E, and F*, 55 TEX. TECH L. REV. 59, 61 (2022).[2]

The record before us does not show the trial court abused its discretion in acting outside the bounds of Article 46B.[3] An appropriate motion raising the competence issue was filed. The trial court ordered an examination as required by statute. By law, all other matters in the case were stayed pending the competency evaluation. The process culminated in an appropriate order by the trial court, which could in the circumstances of this case, be issued without a formal hearing. The petition for writ of mandamus is denied.


JEFF ALLEY, Chief Justice

November 26, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)

---

[2] To the extent that Appellant's complaints are about his appointed attorney's actions, a mandamus action is not the proper vehicle to address an attorney's professional duties to his client. *In re Aitch*, No. 01-03-01185-CR, 2003 WL 22862682, at *1 (Tex. App.—Houston [1st Dist.] Dec. 4, 2003, no pet.) (per curiam) (mem. op., not designated for publication).

[3] We decide this case only as a mandamus. By statute, there is no interlocutory appeal of a competency determination. Tex. Code Crim. Pro. Ann. art. 46B.011 ("Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005."); *Queen v. State*, 212 S.W.3d 619, 620–21 (Tex. App.—Austin 2006, no pet.).