## Ex parte Di Van NGUYEN.

### No. 05–00–00493–CR.

Court of Appeals of Texas,
Dallas.

Nov. 14, 2000.

Kenneth G. Wincorn, Dallas, for Appellant.

William T. (Bill) Hill, Jr., Catherine G. Zilahy, Asst. Crim. Dist. Atty., Dallas, for State.

Before Justices LAGARDE,
KINKEADE, and WHITTINGTON.

### OPINION

Opinion By Justice LAGARDE.

Di Van Nguyen challenges the trial court's denial of the relief he requested in his application for writ of habeas corpus.[1] In five issues, appellant complains that: (1) the district court denied his writ of habeas corpus without holding a hearing or making a finding that, on the basis of the application for writ of habeas corpus and the attached documents, he was not entitled to relief; (2) the district court denied his writ on the basis of the court's familiarity with the trial attorney alleged to have provided ineffective assistance; (3) the district court denied his writ by reviewing records that were not a part of the writ application; (4) appellant's plea was entered involuntarily because he could not clearly understand the English language;

---

1. Although appellant's brief states that he is appealing the trial court's denial of his writ application, the trial court's order specifies that it denied the *relief requested* in the writ application.

and (5) the retroactive application of new federal legislation rendered his plea involuntary due to ineffective assistance of counsel. For the reasons set forth below, we vacate the trial court's order and dismiss the application for writ of habeas corpus.

■ A state writ of habeas corpus is the remedy to be used when a person is restrained in his liberty. It is "an order issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint." Tex.Code Crim.Proc. Ann. art. 11.01 (Vernon 1977). After indictment and before conviction, in any non-capital felony case, a writ must be made returnable in the county where the offense was committed. *Id* . art. 11.07, § 2 (Vernon Supp.2000). After final conviction in any felony case, the writ must be made returnable to the court of criminal appeals. *Id.* art. 11.07, § 3(a) (Vernon Supp.2000).

In this case, on March 20, 1990, appellant entered a plea of nolo contendere to the charge of aggravated sexual assault. That same day, the trial court entered a finding that the evidence in the case substantiated appellant's guilt but deferred adjudication of guilt and placed appellant on three years deferred-adjudication probation. The State never moved for adjudication of guilt, and appellant was never adjudicated guilty. Appellant is now being confined by the United States Immigration and Naturalization Service (INS), pending deportation proceedings, based on the nolo contendere plea he entered in the case. *See* 8 U.S.C. § 1101(a)(48)(A) (1999).

We recognize that every provision relating to a writ shall be "most favorably construed" in order to give effect to the requested remedy. Tex.Code Crim.Proc. Ann. art. 11.04 (Vernon 1977). The application for writ of habeas corpus in this case does not request appellant's release from custody or restraint. It does not ask that the trial court command the INS to produce appellant and show why he is held in custody. *See id.* art. 11.01. The application simply requests that the trial court hold an evidentiary hearing, make findings of fact and conclusions of law that appellant was denied his right to effective assistance of counsel, and allow appellant to withdraw his nolo contendere plea. We question, therefore, whether appellant's pleading is, in substance, an application for a writ of habeas corpus because it does not seek the remedy of appellant's release from custody. *Compare id.* (setting out requisites of a writ of habeas corpus).

■ However, to the extent appellant's request can be construed as an application for a writ of habeas corpus to secure his release from federal custody, this matter is one of exclusively federal jurisdiction. Appellant is now in the custody of the United States Government. Therefore, only a federal court may issue a writ of habeas corpus in his case. *See id.* art. 11.63; *see also* 28 U .S.C. § 2241(c) (1994) (describing federal court habeas jurisdiction over prisoners in federal custody).[2] The state district court in which appellant pleaded nolo contendere and was placed on deferred adjudication is not a court of "competent jurisdiction" to order federal authorities to "produce [appellant] . . . and show why he is held in custody or under restraint." Nor is it a court of "competent jurisdic-

---

**2.** *But cf. Ex parte Cervantes,* 762 S.W.2d 577, 578 (Tex.Crim.App.1988) (granting the relief requested in Cervantes's application for writ of habeas corpus, where Cervantes had imminent deportation proceedings pending as a result of his final felony conviction), *overruled on other grounds by Ex parte Tovar,* 901 S.W.2d 484 (Tex.Crim.App.1995); *Meraz v.*

*State,* 950 S.W.2d 739, 741–42 (Tex.App.—El Paso 1997, no pet.) (addressing Meraz's writ of habeas corpus in a misdemeanor case where the sentence had been fully discharged and Meraz was detained under a $10,000 bond as deportable for the misdemeanor offense).

tion" to order the release of appellant from federal custody.

For the above reasons, we conclude the trial court was neither a court of "competent jurisdiction" to issue a writ of habeas corpus to the federal custodian restraining appellant to "show why [appellant] is held in custody or under restraint" nor a court of "competent jurisdiction" to grant the relief of appellant's release from federal custody.

We vacate the trial court's February 23, 2000 order denying appellant relief and dismiss the application for writ of habeas corpus. *See* TEX.R.APP.P. 43.2(e).