COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

IN RE: THE STATE OF TEXAS,

Relator.

§
§
§
§
§
§

No. 08-10-00038-CR

AN ORIGINAL PROCEEDING

IN MANDAMUS

## **O P I N I O N**

Relator, the State of Texas, asks this Court to issue a writ of mandamus against the

Honorable Angie Juarez Barill, Judge of the 346th District Court of El Paso County, to vacate her

order setting a post-conviction application for writ of habeas corpus for a hearing, and to order her

to dismiss the habeas-corpus application. Concluding that the State has not shown entitlement to

relief, we deny the writ of mandamus.

## **BACKGROUND**

Jorge Ramirez pled guilty to the offense of possession of a controlled substance, a state-jail

felony, on May 20, 2005, and was sentenced to two years incarceration, probated for five years. No

revocation or discharge order appears in the record; thus, we assume Ramirez is still serving his

community supervision. On January 5, 2010, Ramirez filed his application for writ of habeas corpus,

attacking his prior conviction on grounds of ineffective assistance of counsel and asking the court

to set aside his guilty plea.[1] That same day, the trial court entered an order, setting a hearing on the

---

[1] Inasmuch as the State does not contend otherwise, we assume the habeas-corpus application was filed
under article 11.072 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 (Vernon
2005) ("This article establishes the procedures for an application for a writ of habeas corpus in a felony or

habeas-corpus application and ordering Ramirez to appear at that hearing. The State, on January 7, 2010, filed a motion to dismiss the application, asserting that the trial court lacked jurisdiction to entertain the application since Ramirez was in federal custody. The record does not reflect that the trial court ruled on the State's motion to dismiss. On January 12, 2010, the State filed its petition for mandamus, asking us, in essence, to order the trial court to vacate the hearing and to dismiss the application.

## DISCUSSION

To obtain mandamus relief in a criminal matter, the relator must establish that (1) the act sought to be compelled is ministerial, and (2) there is no adequate remedy at law. *Dickens v. Court of Appeals for Second Supreme Judicial Dist.*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987) (orig. proceeding). Although mandamus will not issue to compel a particular result in what is manifestly a discretionary decision, mandamus may be appropriate to impel consideration of a motion or the issuance of a ruling, the doing of which is not discretionary. *White v. Reiter*, 640 S.W.2d 586, 593-94 (Tex. Crim. App. 1982); *State ex rel. Rodriguez*, 196 S.W.3d 454, 458 (Tex. App. – El Paso 2006, orig. proceeding).

A trial court has a ministerial duty to not only hear but also rule on a motion to dismiss. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987); *Rodriguez*, 196 S.W.3d at 458. "Once a ruling has been requested on a pending motion, a trial court is required to consider and rule on the motion within a reasonable time." *Rodriguez*, 196 S.W.3d at 458-59; *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App. – Texarkana 2005, orig. proceeding). While a court has some discretion in the manner in which it rules on such a motion, the court commits a clear abuse of discretion when

misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision."); TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2(a) ("An application for a writ of habeas corpus under this article must be filed with the clerk of the court in which community supervision was imposed.").

it refuses to rule on it. *Rodriguez*, 196 S.W.3d at 459; *Greenwell*, 160 S.W.3d at 288. "However, if a reasonable time has not yet passed, the trial court's failure to rule may not be a clear abuse of discretion." *Rodriguez*, 196 S.W.3d at 459; *Greenwell*, 160 S.W.3d at 288.

The State, in essence, asks us to issue the mandamus and order the trial court to grant its motion to dismiss. The limited record presented, however, only shows that the State filed a motion to dismiss on Thursday, January 7, 2010, and that on Tuesday, January 12, 2010, it petitioned for writ of mandamus. There is nothing in the record to suggest that the motion to dismiss was presented to the trial court, that the State asked for a hearing on the motion, or that the trial court even considered the motion. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App. – Houston [1st Dist.] 1992, orig. proceeding) (to establish that the trial court refused to rule on a pending motion, the relator must provide a record that shows that, after he filed his motion, relator asked the trial court for a hearing and a ruling on his motion and the trial court refused to hold a hearing and to rule; *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App. – Texarkana 2008, orig. proceeding) merely "[s]howing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling."). Further, we believe that even if the motion had been presented to the trial court, a reasonable time has not passed from which the State may petition for writ of mandamus based on the trial court's failure to rule.[2] Accordingly, the State has not shown that the trial court violated a ministerial duty by failing to consider or rule on the State's motion to dismiss. *Barnes*, 832 S.W.2d at 426 (mandamus not available when record did not show motion was presented to trial court); *In*

---

[2] We do not attempt to determine what a reasonable time period is; however, we note that based on the record presented to us in this case, that is, the filing of a motion to dismiss on Thursday followed by a petition for writ of mandamus on Tuesday, falls short of a reasonable time for the trial court to rule. We further question whether the trial court had a reasonable time to rule on the habeas-corpus application when the same was only filed seven days prior to the State's petition for writ of mandamus, and statutorily, the trial court is not required to rule on the application until the sixtieth day. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(a) (Vernon 2005).

*re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d 459, 460-61 (Tex. App. – Corpus Christi 1999, orig. proceeding) (mandamus not available when only thirty days had passed).

Even if we were to imply that the trial court failed to rule on the State's motion to dismiss within a reasonable time, we do not believe that the trial court lacks jurisdiction to entertain the habeas-corpus application. The State contends, as it did in its motion to dismiss, that the trial court lacks jurisdiction to entertain the application based on article 11.63 of the Code of Criminal Procedure and the Dallas Court of Appeals' decision in *Ex parte Nguyen*, 31 S.W.3d 815 (Tex. App. – Dallas 2000, orig. proceeding). Both the statute and the case law establish that a trial court lacks authority to issue a writ of habeas corpus to compel an individual's release from federal custody. *See* TEX. CODE CRIM. PROC. ANN. art. 11.63 (Vernon 2005); *Nguyen*, 31 S.W.3d at 817. The State, however, reads those authorities too broadly and would ask us to hold that when an individual, in federal custody facing deportation because of his state conviction, challenges his state conviction in a state court, that individual, if relief is granted, is actually obtaining relief from federal custody, and ergo, a trial court would always lack jurisdiction to consider such an application. We disagree.

Under article 11.072, an individual placed on community supervision for a felony offense may challenge his conviction at any time by filing an application for writ of habeas corpus with the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2(a) (Vernon 2005). In so doing, that individual is simply challenging his state conviction and only seeking relief on his state conviction. *See id*. at § 1. The trial court, in turn, is only granting relief, if any, by overturning his state conviction. *Id*. at § 6(a). In so doing, the trial court is not ordering that individual's release from federal custody, and indeed, the trial court lacks authority to do so. *See id*. at art. 11.63. Rather, that duty falls back on the individual to file a federal writ of habeas corpus in federal court, petitioning for his release from federal prison. *See* 28 U.S.C. § 2241 (2008).

Here, Ramirez, although noting he was in federal custody, simply asked the trial court to grant relief on his state conviction by overturning his guilty plea. The trial court clearly has authority to grant such relief.[3] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2(a) (Vernon 2005). Therefore, the State has not shown that the trial court violated a ministerial duty by failing to grant its motion to dismiss.

Finally, we address the State's contention that the trial court lacked authority to order the writ application set for a hearing. Presumably, the State's contention is based on its argument that the trial court lacks jurisdiction to entertain the habeas-corpus application, and therefore, we have already implicitly disposed of this contention above. Assuming that is not the basis of the State's argument, we note that article 11.072 expressly provides that a trial court may hold a hearing on a habeas-corpus application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(b); *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App. – Fort Worth 2005, no pet.). Although a trial court may not compel the individual in federal custody to appear before the court at that hearing, that does not mean that the trial court lacks authority to have a hearing on the same without that individual.[4] *See Le v. State*, Nos. 14-08-00582-CR, 14-08-00583-CR, — S.W.3d —, 2009 WL 2476530, *2 (Tex. App. – Houston [14th Dist.] Aug. 13, 2009, no pet.) (op., not yet reported). Accordingly, we decline to order the trial court, by way of mandamus, to vacate its hearing on Ramirez's habeas-corpus application.

## CONCLUSION

---

[3] The State seemingly argues that Ramirez is only restrained by virtue of being in federal custody; however, the State overlooks the fact that Ramirez is still serving his community supervision, which qualifies as restraint. *See State v. Collazo*, 264 S.W.3d 121, 126 (Tex. App. – Houston [1st Dist.] 2007, pet. stricken); *Ex parte Davis*, 748 S.W.2d 555, 557 (Tex. App. – Houston [1st Dist.] 1988, pet. ref'd) (cases noting that restraint encompasses release on community supervision).

[4] We note that the State requests that we vacate the trial court's order setting a hearing on the habeas-corpus application, not that we order the trial court to vacate its decision to order Ramirez to appear at the hearing.

Based on the record before us, we are unable to conclude that the State is entitled to mandamus relief. Accordingly, we deny the same. *See* TEX. R. APP. P. 52.8(a).

GUADALUPE RIVERA, Justice

January 13, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)