COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§

§                    No. 08-09-00181-CR

IN RE:  THE STATE OF TEXAS,          §

                                     AN ORIGINAL PROCEEDING

RELATOR.                             §

                                     IN MANDAMUS

§

§


**O P I N I O N**

Relator Jaime Esparza, District Attorney for the 34th Judicial District of Texas, has filed

a petition for writ of mandamus against the Honorable Alma Trejo, Judge of the County Criminal

Court No. 1 of El Paso.  Relator contends the Respondent issued a writ of habeas corpus without

jurisdiction, that the writ must be vacated, and the application dismissed.

Mr. Martinez pleaded guilty to possession of marijuana, greater than two ounces, in the

County Criminal Court No. 1 of El Paso County on May 25, 2007.  Pursuant to a plea bargain, he

was sentenced to two days imprisonment in the El Paso County Jail.  Mr. Martinez did not appeal

his conviction.

On December 22, 2008, Mr. Martinez filed an application for writ of habeas corpus

pursuant to Article 11.09 of the Texas Code of Criminal Procedure in which he represented that

as a result of his May 2007 conviction, the Department of Homeland Security had initiated

deportation proceedings.  Mr. Martinez requested that Respondent issue a writ of habeas corpus,

and set the application for hearing at which time he would present evidence that the conviction

was unlawfully obtained and should be set aside due to ineffective assistance of counsel and a factual defense. Specifically, Mr. Martinez's writ application alleged that neither his trial counsel, nor the trial court had advised him of the potential immigration consequences of his guilty plea, and that his trial counsel had failed to properly investigate the facts underlying the charge. The court scheduled the case for hearing on February 18, 2009.

Relator responded, in part, by arguing that Respondent had no jurisdiction to issue the requested writ as Mr. Martinez was in federal custody, specifically, the Department of Homeland Security. The State requested that the trial court vacate its scheduling order and deny the relief requested in the application.

On June 18, 2009, Mr. Martinez filed an "Ex Parte Motion for Issuance of Writ of Habeas Corpus Ad Testificandum" requesting that the trial court order his attendance at an evidentiary hearing. The motion also stated Mr. Martinez was in custody in the El Paso Processing Center awaiting removal to Mexico. Later that day, the trial court issued the requested writ, ordering the El Paso County Sheriff to produce Mr. Martinez in court on July 15, 2009 for a hearing. The record does not include a final order on Mr. Martinez's application. The State has filed this Petition for Writ of Mandamus requesting that this Court issue a writ of mandamus ordering the Respondent to vacate its order and deny Mr. Martinez's application for lack of jurisdiction.

To obtain relief by writ of mandamus, the relator must establish: (1) no other adequate remedy is available to address the alleged error; and (2) the act the relator seeks to compel is ministerial. *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex.Crim.App. 1994). An act is ministerial if the law dictates the duty to be performed with such certainty that nothing is left to the exercise of discretion. *State ex rel. Healey*, 884 S.W.2d at 774. With regard to the

first requirement, Texas Code of Criminal Procedure 44.01 does not authorize a State's appeal from a writ of habeas corpus. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp. 2009). The State has no other adequate remedy at law in this instance. *See State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 542 (Tex.Crim.App. 1991).

In its primary argument, the State contends, as it did in its response to Mr. Martinez's application, that the trial court lacks jurisdiction to entertain the application based on Article 11.63 of the Code of Criminal Procedure and the Dallas Court of Appeals' decision in *Ex parte Nguyen*, 31 S.W.3d 815 (Tex.App.--Dallas 2000, orig. proceeding). Both the statute and the case law establish that a trial court lacks authority to issue a writ of habeas corpus to compel an individual's release from federal custody. *See* TEX.CODE CRIM.PROC.ANN. art. 11.63 (Vernon 2005); *Nguyen*, 31 S.W.3d at 817. Based on these provisions, the State argues that a state court's order granting habeas corpus relief to an applicant who is in federal custody facing deportation due to a state court conviction, is actually relief from federal custody. The State then concludes, based on Article 11.63, that a trial court has no jurisdiction to grant such relief. Were we to accept this argument, the result would be to deprive trial courts of jurisdiction to consider habeas corpus applications based on state court convictions. Because we do not agree Article 11.63 deprives a state court of jurisdiction to consider an application for a writ of habeas corpus based on a state conviction, we are unpersuaded by the State's argument.

A request for relief via a writ of habeas corpus pursuant to the provisions of the Texas Code of Criminal Procedure is a challenge only to a state court conviction. *See* TEX.CODE CRIM.PROC.ANN. art. 11.01 (Vernon 2005). Any relief granted by the trial court is also limited to the state conviction. *See id.* Moreover, a state court's order granting habeas corpus relief cannot

be used to order an individual's release from federal custody, as the trial court lacks authority to do so. *See* TEX.CODE CRIM.PROC.ANN. art. 11.63. It is the duty of the habeas applicant, if he chooses, to file a federal writ of habeas corpus in federal court to petition for release from federal prison. *See* 28 U.S.C. § 2241 (2008).

While Mr. Martinez has admitted he is in federal custody, his application for habeas corpus relief has simply asked the trial court to grant relief on his state conviction by overturning his conviction. The trial court clearly has jurisdiction to grant such relief. *See* TEX.CODE CRIM.PROC.ANN. art. 11.09. Furthermore, the trial court's authority to consider Mr. Martinez's application includes the authority to hold a hearing on the application if the court deems it necessary. *See* TEX.CODE CRIM.PROC.ANN. art. 11.10. Although the authority to hold a hearing does not include the power to compel the federal authorities to release Mr. Martinez so he may appear before the court at that hearing, the trial court is not divested of jurisdiction to consider the writ application due to the applicant's absence. *See In re Texas*, No. 08-10-00038-CR, *5-6 (Tex.App.--El Paso January 13, 2010, orig. proceeding), *citing Le v. State*, Nos. 14-08-00582-CR, 14-08-00583-CR, — S.W.3d —, 2009 WL 2476530, *2 (Tex.App.--Houston [14th Dist.] Aug. 13, 2009, no pet.)(op., not yet reported). Therefore, that the State has not demonstrated a clear abuse of discretion regarding the trial court's exercise of jurisdiction over Mr. Martinez's application for writ of habeas corpus, and we deny the State's request for relief by mandamus on that issue.

In the alternative, the State contends Article 11.63 prohibits the trial court from issuing its order granting Mr. Martinez's motion for writ of habeas corpus ad testificandum. A writ of habeas corpus ad testificandum is issued to compel an inmate to be brought before the court to

-4-

testify.  *See Brewer v. State*, 737 S.W.2d 421, 424 n.3 (Tex.App.--Dallas 1987, no writ).

Generally, this writ is referred to as a "bench warrant."  *Id*.

In light of our discussion regarding Article 11.63 above, and our recent opinion in *In re Texas*, No. 08-10-00038-CR, *5-6 (Tex.App.--El Paso January 13, 2010, orig. proceeding), the trial court had no authority to issue such a writ in this instance as the state court has no authority to compel Mr. Martinez's release from federal custody.  *See* TEX.CODE CRIM.PROC.ANN. art. 11.63.  Accordingly, we conditionally grant the State's request for mandamus relief on the limited issue of the trial court's order issuing a writ of habeas corpus ad testificandum.  We are confident the trial court will vacate the order in accordance with this opinion, and the writ will issue only if the trial court fails to do so.

January 29, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Antcliff, Judge
Antcliff, Judge (Sitting by Assignment)

(Do Not Publish)