

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00395-CV

## IN RE JAMES C. FULLER

_____

## Original Proceeding

_____

## MEMORANDUM  OPINION

_____

This is James C. Fuller's second attempt to obtain a writ of mandamus compelling Respondent, the Honorable Barbara Hale, Judge of the County Court at Law of Walker County, to render a final judgment in his lawsuit.  *See Fuller v. Moya*, No. 10-09-00294-CV, 2009 WL 4852425 (Tex. App.—Waco Dec. 16, 2009, no pet.) (dismissing Fuller's appeal for lack of final judgment).  We will again deny Fuller's mandamus petition.[1]

We denied Fuller's first mandamus petition because he failed to provide a certified or sworn mandamus record indicating that he had requested Respondent to

---

[1]     We apply Rule of Appellate Procedure 2 and disregard numerous deficiencies in Fuller's mandamus petition.  *See* TEX. R. APP. P. 2.

render a final judgment in his suit. *See In re Fuller*, No. 10-10-00299-CV, 2010 WL 3342192, at *1 (Tex. App.—Waco Aug. 25, 2010, orig. proceeding). Fuller has attached a "Motion for Final Judgment" to his second mandamus petition which he prepared and delivered to the county clerk at the same time as his second mandamus petition.

Fuller acknowledges in his mandamus petition that he must provide "a certified or sworn copy of every document that is material to [his] claim for relief and that was filed in [the] underlying proceeding." *See* TEX. R. APP. P. 52.7(a)(1). Though we have noted that Fuller's petition contains "numerous deficiencies," we take a moment to address his attempt to comply with Rule 52.7(a)(1). The preferred method of complying with this requirement is to provide a file-stamped copy of any document relied on and certify or swear that (1) it is a true and correct copy and (2) it was filed in the underlying proceeding. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (stating preference for file-stamped copies of pleadings in mandamus record). As we will discuss, the timing of Fuller's filing of his Motion for Final Judgment is important, so this certification should also state the date on which the motion was filed in the trial court, especially if a file-stamped copy is not provided.

Fuller attached an unsworn declaration to the Motion for Final Judgment which states in pertinent part "that the forgoing is true and correct. The trial court has been given ampell [sic] amount of time to rule on the above cause number. And that the trial court has been put on notice that a Mandamus is in the Court of Appeals." We may infer from this declaration that Fuller has provided us a "true and correct" copy of this

motion and that it was filed in the underlying proceeding, but it would be better for him to say so directly.

As we stated in the prior mandamus petition, "[t]here are three prerequisites for the granting of mandamus relief: (1) the lower court must have a legal duty to perform a nondiscretionary act; (2) the relator must make a demand for performance; and (3) the subject court must refuse that request." *Fuller*, 2010 WL 3342192, at *1.

Merely filing a motion with the trial court clerk is not sufficient to establish that a "demand for performance" has been made.

> The trial court is not required to consider a motion unless it is called to the court's attention. Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.

*Blakeney*, 254 S.W.3d at 662 (citations omitted); *see In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Here, Fuller has arguably shown that he filed the Motion for Final Judgment with the county clerk. However, there is nothing in the record to indicate that he has called the motion to Respondent's attention.

A trial court has a ministerial duty to rule on a pending motion within a reasonable period of time. *In re State*, 304 S.W.3d 581, 583 (Tex. App.—El Paso 2010, orig. proceeding); *In re Allied Chem. Corp.*, 287 S.W.3d 115, 131 (Tex. App.—Corpus Christi 2009, orig. proceeding). What is a "reasonable period of time" depends on the circumstances of a particular case. *Allied Chem. Corp.*, 287 S.W.3d at 131; *Blakeney*, 254 S.W.3d at 662. Here, Fuller filed the Motion for Final Judgment with the county clerk on the same date that he filed his mandamus petition. Thus, Respondent has not had a

"reasonable period of time" to consider and rule on the motion. *See State*, 304 S.W.3d at 583-84 (5 days not reasonable period of time); *In re Tasby*, 40 S.W.3d 190, 191-92 (Tex. App.—Texarkana 2001, orig. proceeding) (30 days not reasonable period of time).

For these reasons, we deny Fuller's second mandamus petition.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Petition denied
Opinion delivered and filed November 17, 2010
[OT06]