Opinion issued May 5, 2011

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01082-CR

———————————

IN RE CHARLES
H. FOWLER, Relator



 



 



Original Proceeding on Petition for Writ of Mandamus



MEMORANDUM OPINION

Relator, Charles H. Fowler, has filed a pro se petition for
writ of mandamus, asking this court to compel respondent[1]
to act on his application for post-conviction habeas corpus relief in the
underlying case.[2]  

We deny the petition for writ of mandamus.  

Background

In 2004, relator pleaded no contest to the misdemeanor
offense of theft of property valued at greater than or equal to $500, but less
than $1,500, and pleaded “true” to the allegations in two enhancement
paragraphs.  The trial court found relator
guilty of the charged offense, found the allegations in the enhancement
paragraphs true, and assessed punishment at confinement for nine months.  

On October 19, 2010, relator filed an application for writ of
habeas corpus in the
trial court, asserting, inter alia, “actual innocence,” that the trial court
lacked subject matter jurisdiction, and that his plea was involuntary.  Relator asked that his conviction be set
aside, that he be acquitted of the charged offense, that his record be
expunged, and that he be awarded costs relating to the application for writ of
habeas corpus.  

Relator filed a petition for writ of mandamus in this Court,
complaining that he filed his application by placing it “in the hand of Deputy
District Clerk of Harris County, Anna Worthy, Manager-Criminal Courts,” but
that “[o]n belief and information the Court, i.e., Judge Campbell, returned
such application, having refused the filing of relator’s original
application.”  Appended to his petition
is his application for habeas relief, which reflects that it was file-stamped
by the Harris County District Clerk on October 19, 2010.  There is also a handwritten note copied onto
the front that states: “10/25/10 Judge refuse [sic] to Docketed [sic] and Deny
per Eddie Anna.”  

Analysis

Relator asks this Court to compel the trial court to act on his
application for habeas relief.

Texas Government Code section 22.221 authorizes a court of appeals
to issue a writ of mandamus (a) when necessary to enforce the court’s
jurisdiction or (b) against a judge of a district or county court in the court
of appeals district.  See Tex.
Gov’t Code Ann. § 22.221 (Vernon 2004). 
Section 22.221(b) provides the basis for jurisdiction in this case.  See Tex. Gov’t Code Ann. § 22.221(b).[3] 

Mandamus relief is appropriate if the relator establishes
that (1) he has no other adequate legal remedy and (2) the act sought to be
compelled is purely ministerial. State ex
rel. Young v. Sixth Judicial Dist. Court of Appeals, 236 S.W.3d 207, 210
(Tex. Crim. App. 2007).  If the relator
fails to satisfy either prong, then relief should be denied.  Id.  The latter requirement is satisfied if the
relator can show “a clear right to the relief sought,” meaning, “when
the facts and circumstances dictate but one rational decision” under clearly
controlling legal principles.  Id. 

Here, the law provides another legal remedy, and relator has
not shown it to be inadequate.  District
and county courts have original jurisdiction in habeas corpus proceedings
arising from misdemeanor convictions.  See Tex.
Code Crim. Proc. Ann. art. 11.09 (Vernon 2005); State ex rel. Rodriguez v. Onion, 741 S.W.2d 433, 434 (Tex. Crim. App.
1987).  When the court in which the
application was filed refuses the writ, the relator can present his application
to another court having jurisdiction.   Villanueva, 252 S.W.3d at 394; Ex parte Lewis, 196 S.W.3d 404, 405 n.2
(Tex. App.—Fort Worth 2006, orig. proceeding); In re Piper, 105 S.W.3d 107, 110 (Tex. App.—Waco 2003, orig.
proceeding).

In addition, relator has not shown a clear right to
relief.  See Young, 236 S.W.3d at 210.  Consideration of a motion that is properly
filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).  To establish that the trial court abused its
discretion by failing to rule, a relator must show that the trial court (1) had
a legal duty to perform a nondiscretionary act, (2) was asked to perform that
act, and (3) refused to act. Barnes v.
State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding).  The relator must show that
the trial court received the motion, was aware of it, was asked to rule, and
failed or refused. Id.  Once a ruling has been requested, the trial
court is required to consider and rule on the motion within a reasonable time.   In
re State, 304 S.W.3d 581, 583 (Tex. App.—El Paso 2010, orig.
proceeding).  

Relator’s application bears the district clerk’s
file-stamp.  Showing that a motion was
filed with the clerk, however, does not constitute proof that the motion was
brought to the attention of the trial court.  See id.  Although relator directs us to the
handwritten note copied onto the front of his application stating “10/25/10
Judge refuse [sic] to Docketed [sic] and Deny per Eddie Anna,” this does not
demonstrate a clear right to relief.  The
origin of the note and its meaning are unclear. We cannot presume that the
trial court was aware of relator’s application and neglected to perform its
duty; rather, it is incumbent upon the relator to demonstrate that the trial
court was aware of the existence of his application and failed or refused to
act. See id.; see also Tex. R. App. P.
52.7 (providing that relator bears burden of providing record sufficient to
establish right to mandamus relief).

Relator has not furnished a record showing that he brought
the application for writ of habeas corpus to the attention of the trial court,
that he requested a hearing, that the trial court refused to set a hearing, or
the reasons for such refusal, if it occurred, or that he requested a ruling
from the trial court.  See State, 304 S.W.3d at 583.  Hence, relator has not established a right to
relief. See In re Sarkissian, 243
S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

Accordingly, we deny the petition for writ of mandamus.  We dismiss any pending motions as moot.

PER CURIAM

Panel
consists of Justices Keyes, Sharp, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          Respondent is The Honorable Joan Campbell of the 248th
District Court of Harris County, Texas.





[2]
          State v. Charles H. Fowler, No. 995516 (248th District Court of Harris
County, Tex., Oct. 19, 2004).  





[3]
          This Court has mandamus jurisdiction concurrent with that of the Texas
Court of Criminal Appeals.  See In
re McAfee, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist] 2001, orig.
proceeding).  Pursuant to Code of
Criminal Procedure article 11.07, however, only the Texas Court of Criminal
Appeals has jurisdiction in post-conviction felony proceedings. Id.; see
also Tex. Code Crim Proc. Ann.
art. 11.07 §§ 1, 3, 5
(Vernon Supp. 2010).  Here, relator seeks
post-conviction relief from a misdemeanor conviction for which community
supervision was not imposed, which is governed by Code of Criminal Procedure
article 11.09.  See Tex. Code Crim Proc.
Ann. art. 11.09 (Vernon 2005). Thus, the jurisdictional limitations in
article 11.07 do not apply. See, e.g.,
In re Maxwell, 970 S.W.2d 70, 71–72,
74 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding) (considering the
merits of, and ruling on relator’s petition for mandamus relief in
post-conviction misdemeanor proceeding under article 11.09).