COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

§

§          No. 08-10-00175-CR

§          Appeal from the

§          346th Judicial District Court

EX PARTE JORGE RAMIREZ          §

§          of El Paso County, Texas

§          (TC#20040D06462)

§

§

**O P I N I O N**

Jorge Ramirez appeals from an order denying his post-conviction application for writ of habeas corpus. In two issues, Appellant contends he is entitled to relief by writ of habeas corpus on the basis that he suffered ineffective assistance of counsel during his original criminal prosecution, and the trial court erred in denying his application. By cross-appeal, the State contends that the trial court lacked subject-matter jurisdiction over the case, as Appellant is currently in federal custody.

In the early morning hours on December 5, 2004, El Paso patrol officers were dispatched to a residence on S. Lee Street to investigate a fight in progress, allegedly involving weapons. Upon arriving, the complaining victim led the police into the residence, and identified Appellant as the individual who had assaulted him, and who had pulled out a knife during an altercation outside with him and two other individuals. The officers arrested Appellant for aggravated

assault with a deadly weapon, took him into custody, and transported him to a police station.[1]  At some point during the course of the events that morning, the officers discovered that Appellant had eight outstanding traffic warrants, and upon a subsequent search of Appellant, they uncovered a matchbox containing more cocaine.  On December 14, 2004, Appellant was charged by indictment with aggravated assault with a deadly weapon and possession of a controlled substance.  Appellant's trial counsel, Mr. Woodrow W. Bean III, did not file any pretrial motions to suppress the cocaine.  On May 20, 2005, Appellant entered a plea of guilty to the offense of possession of a controlled substance under one gram.  The trial court accepted the recommended plea agreement and Appellant's plea of guilty, and dismissed his charge of aggravated assault pursuant to TEX.PEN.CODE ANN. § 12.45, as part of the plea agreement.  The trial court assessed Appellant's punishment at confinement for two years' in state jail, but the sentence was suspended, and Appellant was placed on five years' community supervision.

On January 15, 2010, Appellant filed an application for post-conviction writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure.  He alleged that he was denied effective assistance of counsel because his trial counsel failed to file a motion to suppress the cocaine found in a matchbox on his person on the grounds that it violated the Texas exclusionary rule and his Fourth Amendment rights.  The trial court held a hearing on this matter on April 27, 2010, and Mr. Bean, Appellant's trial counsel, as well as Mrs. Maria R. Hernandez, Appellant's wife, testified.  After considering the application, the State's responses, and holding the hearing on Appellant's writ, the trial court entered an order denying relief.  The court also made written findings of fact and conclusions of law.  Appellant filed his notice of appeal on

---

[1] The officers also found cocaine wrapped in a dollar bill at the scene of the incident.

June 30, 2010, and the State filed its notice of cross-appeal approximately two weeks later. Appellant is currently in federal custody, and facing removal due to his 2005 conviction for possession of narcotics.

Appellant asserts arguments on appeal, both of which concern the trial court's failure to find that his trial counsel rendered ineffective assistance of counsel by not filing a motion to suppress the cocaine found and seized from his person after his warrantless arrest. By cross-appeal, the State also raises a single issue, arguing that the case should have been dismissed for lack of subject-matter jurisdiction.

Because of its potential impact on this Court's jurisdiction, we will address the State's issue first. In its cross-appeal, the State reasserts its argument that the trial court lacked jurisdiction over Appellant's application pursuant to Article 11.63 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 11.63 (West 2005); *Ex parte Nguyen*, 31 S.W.3d 815 (Tex.App.--Dallas 2000, orig. proceeding). As a question of law, subject-matter jurisdiction is subject to *de novo* review. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003), *overruled on other grounds*, *Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex.Crim.App. 2007). The statute and case law provide that the trial court lacks the authority to issue a writ of habeas corpus to compel the release of an individual from federal custody. *In re State*, 304 S.W.3d 581, 584 (Tex.App.--El Paso 2010, orig. proceeding); *Nguyen*, 31 S.W.3d at 817. Based on the statute and case law, the State argues that because Appellant is being held under the federal government's authority, the matter is under federal jurisdiction, and it is up to the federal courts to allow the release of such an applicant. The State concludes that a state trial court has no subject-matter jurisdiction to grant relief in this case because Article 11.63 limits the

-3-

trial court's authority on the writ application.

This Court considered this issue on review by petition for writ of mandamus in *In re State*. In our discussion, we noted that the state court did not have authority to compel the federal government to produce the applicant during the habeas proceedings. *In re State*, 304 S.W.3d at 584. We denied the State's petition, however, on the basis that the state court retained jurisdiction to consider, and rule on, the applicant's request for relief regarding his state conviction. *Id*. at 584–85. Parallel to the facts in *In re State*, although Appellant is in federal custody, the relief sought in his application for writ of habeas corpus was limited to reversal of his state court conviction and a new trial. The trial court has jurisdiction to consider such an application, and to grant the requested relief if appropriate. *See* TEX.CODE CRIM.PROC.ANN. art. 11.10; *In re State*, 304 S.W.3d at 584. Therefore, the State has not demonstrated that the trial court lacked jurisdiction to consider the writ application, and we deny the State's request to dismiss the application for lack of jurisdiction. The State's cross-issue is overruled.

In both of Appellant's issues on appeal, he contends the trial court erred by denying his writ application based on arguments that his trial counsel rendered ineffective assistance of counsel because the counsel failed to file a motion to suppress evidence of the cocaine. In his appellate brief, however, Appellant raises these complaints separately, first under Article 38.23 of the Texas Code of Criminal Procedure, our statutory exclusionary rule, and then under the United States Constitution. But because all of Appellant's issues center on whether Mr. Bean, as his trial counsel, rendered ineffective assistance by failing to file a motion to suppress the cocaine, we will address both issues together.

An applicant seeking relief by writ of habeas corpus must prove his claim by a

preponderance of the evidence. *Ex parte Morrow*, 952 S.W.2d 530, 534 (Tex.Crim.App. 1997). When reviewing a trial court's ruling on an application for writ of habeas corpus, we view the evidence presented in the light most favorable to the ruling, and we must uphold that ruling absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d at 819. The trial court's fact findings in a habeas proceeding will be afforded almost total deference, particularly when those findings are based on evaluations of credibility and demeanor. *Ex parte White*, 160 S.W.3d 46, 50 (Tex.Crim.App. 2004). To the extent the ultimate resolution of the application turns on an application of law, we review the determination *de novo*. *Ex parte Peterson*, 117 S.W.3d at 819.

In Issue One, Appellant argues the trial court erred in rejecting his claim that his trial counsel rendered ineffective assistance of counsel by not filing and pursuing a motion to suppress cocaine found on his person under the Texas exclusionary rule. According to Appellant, his warrantless arrest did not fall within an exception to the warrant requirement under the Texas Code of Criminal Procedure, and the attenuation doctrine does not apply in this case because he "was not placed under arrest for outstanding warrants at the time the cocaine was found on his person." Appellant further argues: "Nothing existed to break the chain of illegality in [his] case, since the cocaine found on [his] person was a direct fruit of the illegal, warrantless arrest of his person on the aggravated assault charge, rather than contraband found subsequent to the the [sic] discovery of outstanding warrants, which were only found after he was placed under arrest on the aggravated assault charge." Appellant concludes that because he "has demonstrated that . . . aggravated assault is not an offense under which a warrantless arrest under Texas law is authorized," his trial counsel's failure to file a motion to suppress involved deficient performance, "but for which there is a reasonable likelihood that the outcome of the proceeding

would have been different."

In Issue Two, Appellant argues the trial court erred in rejecting his claim that his trial counsel rendered ineffective assistance of counsel by not filing a motion to suppress the cocaine because it resulted in the warrantless and illegal seizure of cocaine from his person, in violation of his right under the Fourth Amendment to be free of unreasonable searches and seizures. Appellant asserts that his trial counsel should have but failed to recognize that he was arrested pursuant to a warrant issued by an assistant district attorney, and not a neutral and detached magistrate, which resulted in an illegal arrest. Appellant complains that his trial counsel should have but failed to recognize the likelihood that the alleged information the victim and his friends provided to the police regarding the victim being threatened with a knife "was likely given to cover up their own criminal wrongdoing of having committed theft or burglary by entering a private residence where the party was being held to steal alcohol." According to Appellant, "[a] reasonable likelihood . . . exists that [his trial counsel] would have succeeded in suppressing the cocaine found on [his] person" if trial counsel had filed a motion to suppress the cocaine as fruit of the poisonous tree under federal law.

The standard for determining claims of ineffective assistance under the Sixth Amendment is the two-step analysis adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that counsel's performance was deficient to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). A deficient legal performance is one which, based upon "prevailing professional norms,"

fell below an objective standard of reasonableness. *Perez v. State*, 310 S.W.3d 890, 893 (Tex.Crim.App. 2010). When measuring counsel's performance, the court will consider all the circumstances of the case, and indulge a strong presumption that the representation fell within the wide range of reasonable professional assistance. *Id*. In the context of a complaint that trial counsel failed to properly pursue a motion to suppress evidence, the burden is on the defendant to prove that a motion to suppress would have been granted. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998)(defendant must prove that the search was invalid and a motion to suppress would have been granted; it is not sufficient to show that there may have been a question about the validity of the search). Under the second prong, the defendant must establish that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Jackson*, 877 S.W.2d at 771. To establish prejudice, the defendant must show that counsel's errors were so serious that the defendant was deprived of his right to a fair, reliable trial. *Perez*, 310 S.W.3d at 893. Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Jackson*, 877 S.W.2d at 771.

The crux of Appellant's complaint on appeal is that his initial arrest for aggravated assault was illegal and warrantless, and so the subsequent discovery of cocaine constituted "fruit of the poisonous tree" under both state and federal laws. As such, Appellant argues his attorney rendered ineffective assistance of counsel by failing to file a motion to suppress the cocaine rolled in the dollar bill and the cocaine in a matchbox found in his pocket, which the officers obtained incident to his arrest. In response to Appellant's ineffective assistance arguments, the State contends that the officers lawfully arrested Appellant without a warrant because of certain

exceptions to the warrant requirement, and so Appellant failed to prove that a motion to suppress would have been granted at trial, as part of his burden to show that his trial counsel failed to properly pursue a motion to suppress evidence.

We first note that in his writ application, Appellant did not raise the ineffectiveness of counsel argument with respect to suppression of the cocaine found in the dollar bill at the scene-- he only now brings this complaint on appeal. As a result, we cannot review this complaint. *See Ex parte Tucker*, 977 S.W.2d 713, 715 (Tex.App.--Fort Worth 1998), *pet. dism'd*, 3 S.W.3d 576 (Tex.Crim.App. 1999)(per curiam).

As to Appellant's arguments regarding his trial counsel's ineffective assistance due to failing to file a motion to suppress evidence of cocaine found in the matchbox, we conclude Appellant was unable to prove that the trial court would have granted a motion to suppress. *See Jackson*, 973 S.W.2d at 957. Despite Appellant's assertions on appeal, we need not decide the legality of the initial arrest for the offense of aggravated assault. The United States Supreme Court has held that, as a general rule, the "fruit of the poisonous tree" doctrine bars the use of evidence obtained following an illegal arrest. *Wong Sun v. United States*, 371 U.S. 471, 484, 83 S.Ct. 407, 415, 9 L.Ed.2d 441 (1963). In Texas, Article 38.23 of the Texas Code of Criminal Procedure provides that evidence obtained by an officer or other person in violation of the Texas or U.S. Constitutions or laws is to be excluded from evidence against the accused in a criminal trial. TEX.CODE CRIM.PROC.ANN. art. 38.23(a)(West 2005). However, both federal and state attenuation doctrines permit evidence to be admitted if the connection between the initial illegality and the means through which the evidence was secured is so attenuated as to dissipate the taint. *See Wong Sun*, 371 U.S. at 488, 83 S.Ct. at 417; *Hudson v. State*, 247 S.W.3d 780, 787

-8-

(Tex.App.--Amarillo 2008, no pet.); *Welcome v. State*, 865 S.W.2d 128, 133 (Tex.App.--Dallas 1993, pet. ref'd), *citing Wicker v. State*, 667 S.W.2d 137, 141-42 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984).  The Texas Court of Criminal Appeals has held that the discovery of an outstanding warrant during an illegal detention of an individual may break the connection between the primary taint and the subsequently discovered evidence.  *See Johnson v. State*, 496 S.W.2d 72, 73-74 (Tex.Crim.App. 1973)(holding that even if defendant was illegally arrested, photograph taken after arrest and used to identify defendant would not be suppressed because taint of initial illegal arrest was attenuated by discovery of outstanding warrants).

According to the trial court's findings of fact in this case, Appellant had eight outstanding warrants for his arrest on the day of the incident.  Mr. Bean testified it was possible that Appellant was arrested for these warrants at the police station, or even prior to that, and that subsequently, the officers discovered the cocaine inside the matchbox on Appellant's person.  Mr. Bean further testified that he "believe[d] the cocaine charge . . . stemmed from the search incident to the arrest on the -- of the aggravated assault as well as the outstanding warrants that [Appellant] had for his arrest."  At the writ hearing, Mr. Bean testified that he believed a motion to suppress was not a viable trial strategy because:  Appellant was identified at the scene of his arrest; Mr. Luna, a witness, stated to the police at the scene that he had observed Appellant with a knife on him prior to the assault; Appellant had eight outstanding warrants for his arrest that day (so probable cause was unnecessary); a dollar bill with cocaine in it was uncovered at the scene; a matchbox containing cocaine was found in Appellant's pocket at the police station; Mr. Bean did not want to allow Appellant to perjure himself on the witness stand by filing a motion to

suppress the cocaine; and, it was possible that the district attorney would pull the recommendation. Mr. Bean testified that in determining whether to file a motion to suppress, Appellant presented inconsistent stories, and altered facts to ask him if they would work in his favor. He concluded that based on the information he received from Appellant and other individuals regarding the case, any motion to suppress the cocaine would be frivolous.

In the instant case, even if the initial arrest for the offense of aggravated assault was illegal, the outstanding warrants discovered during the course of the morning of the incident, for which Appellant was arrested, removed any taint and rendered the subsequently obtained evidence, namely the cocaine in the matchbox, admissible. *See Johnson*, 496 S.W.2d at 73-74. Because the officers did not find the cocaine contained in the matchbox on Appellant's person until after discovering his outstanding warrants, this evidence was not obtained as a fruit of the initial arrest. Therefore, the outstanding warrants and subsequent arrest were intervening circumstances that served as the basis for the subsequent search and seizure of narcotics, thereby removing any taint from the initial arrest. *See Wong Sun*, 371 U.S. at 488, 83 S.Ct. at 417; *Hudson*, 247 S.W.3d at 787; *Welcome*, 865 S.W.2d at 133. We conclude that Appellant was unable to prove that the trial court would have granted a motion to suppress this evidence, and his ineffectiveness of counsel arguments fail. *See Jackson*, 973 S.W.2d at 957. Appellant has failed to carry his burden under *Strickland*'s first prong because he has not affirmatively shown that a motion to suppress would have been granted, and so we need not address the second prong of *Strickland*. Issues One and Two are overruled.

We affirm the trial court's order denying habeas corpus relief.

October 11, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)