COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



IN RE:                                         §                    No. 08-13-00292-CR

                                              §
BRIAN ANTHONY ENGLETON,                        AN ORIGINAL PROCEEDING

                                              §
Relator.                                       IN MANDAMUS

                                              §

                                              §

## MEMORANDUM OPINION

Brian Anthony Engleton, a Texas inmate, has filed a pro se petition for writ of mandamus alleging that the Honorable Maria Salas-Mendoza, Judge of the 120th District Court of El Paso County, Texas, has not ruled on a pre-trial motion to quash the indictment or a petition for writ of habeas corpus.[1]  Relator is currently appealing a murder conviction in cause number 08-13-00077-CR and is represented by court-appointed counsel, Ruben P. Morales, in that appeal.

A party seeking a writ of mandamus in a criminal case must make two showings: (1) that there is no adequate remedy at law to redress the alleged harm; and (2) that the act the relator seeks to compel must be ministerial rather than discretionary in nature.  *See e.g. Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex.Crim.App. 1995) (orig. proceeding); *In re State of Texas*, 304 S.W.3d 581, 583

---

[1] Relator mailed the petition for writ of mandamus to Judge Salas-Mendoza even though the writ is directed to the Eighth Court of Appeals.  Judge Salas-Mendoza forwarded the petition to the Clerk of the Court who filed it on October 10, 2013.

(Tex.App.--El Paso 2010, orig. proceeding). Although mandamus will not issue to compel a particular result in what is manifestly a discretionary decision, mandamus may be appropriate to impel consideration of a motion or the issuance of a ruling, the doing of which is not discretionary. *White v. Reiter*, 640 S.W.2d 586, 593–94 (Tex.Crim.App. 1982); *State ex rel. Rodriguez*, 196 S.W.3d 454, 458 (Tex.App.--El Paso 2006, orig. proceeding).

With regard to Relator's complaint that the trial court has not ruled on his pre-trial motion to quash the indictment, we addressed that issue in a prior mandamus proceeding and denied relief. *See In re Brian Engleton*, No. 08-12-00350-CR, 2012 WL 6013428 (Tex.App.--El Paso November 30, 2012, orig. proceeding). We will not revisit the issue. Relator also seeks mandamus relief because the trial court has allegedly failed to rule on a post-conviction writ of habeas corpus. Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when, as in this case, there is an adequate remedy by appeal. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex.Crim.App. 2001). Because Relator has not established his entitlement to mandamus relief, we deny the petition for writ of mandamus.

GUADALUPE RIVERA, Justice

October 18, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)