COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN RE THE CITY OF EL PASO, | § | No. 08-14-00149-CR |
| | § | ORIGINAL PROCEEDING |
| RELATOR. | § | ON PETITION FOR WRIT OF |
| | § | MANDAMUS |

## <u>MEMORANDUM OPINION</u>

Relator, the City of El Paso, has filed a petition for writ of mandamus against the Honorable William E. Moody, Judge of the 34th District Court of El Paso County, Texas, asking that we order Respondent to set aside an order refusing to quash a grand jury subpoena and requiring Relator to produce certain medical records. We deny mandamus relief.

A party seeking a writ of mandamus in a criminal case must make two showings: (1) that there is no adequate remedy at law to redress the alleged harm; and (2) that the act the relator seeks to compel is ministerial rather than discretionary in nature. *See e.g. Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex.Crim.App. 1995)(orig. proceeding); *In re State of Texas*, 304 S.W.3d 581, 583 (Tex.App.-- El Paso 2010, orig. proceeding). If the relator fails to satisfy either aspect of this two-part test, then relief should be denied. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). The second part of the test is satisfied

if the relator can show he has a clear right to the relief sought. *State ex rel. Young,* 236 S.W.3d at 210. This showing is made "'when the facts and circumstances dictate but one rational decision'" under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles. *Id.* Based on the record before us, we conclude that Relator has failed to establish it is entitled to the relief requested under the foregoing standard. Accordingly, we deny the petition for writ of mandamus.

May 23, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)