

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE: SHANNON MARK DOUTHIT,<br><br>Relator. | §<br>§<br>§<br>§<br>§<br>§<br>§ | No. 08-14-00269-CR<br><br>AN ORIGINAL PROCEEDING<br><br>IN MANDAMUS |

## **MEMORANDUM OPINION**

Shannon Mark Douthit, Relator, is a Texas inmate. He has filed a petition for writ of mandamus against the Honorable Roy Ferguson, Judge of the 394th District Court of Presidio County, Texas, the District Clerk of Presidio County, and against the Honorable Rod Ponton, 83rd District Attorney, asking that we order them to correct the judgment of conviction for capital murder entered in cause number 2076, styled *The State of Texas v. Shannon Mark Douthit*. We deny the petition for writ of mandamus.

Relator did not originally file his mandamus petition with this Court. He initially mailed it to the District Clerk of Presidio County who presented it to Judge Ferguson. Judge Ferguson concluded that he did not have jurisdiction to grant mandamus relief and he forwarded the petition to the Eighth Court of Appeals as a courtesy to Relator.

We will first address the mandamus petition as it applies to the District Clerk and District

Attorney. A court of appeals has jurisdiction to issue a writ of mandamus against certain judges within its geographic district. TEX.GOV'T CODE ANN. § 22.221(b)(West 2004). A court of appeals also has authority to issue a writ of mandamus if it is necessary to enforce its jurisdiction. *Id.* § 22.221(a). Relator does not have any appeals pending before this Court and he has not shown that issuance of the writ is necessary to enforce our appellate jurisdiction. We therefore do not have jurisdiction to issue the writ of mandamus against either the District Clerk or the District Attorney.

Relator next asserts that his conviction in cause number 2076 is illegal because the District Attorney withheld exculpatory evidence and the trial judge who presided over the case in 1987 was disqualified. These challenges to the conviction can only be raised in an Article 11.07 writ of habeas corpus. *See* TEX.CODE CRIM.PROC.ANN. art. 11.07 (West Supp. 2014). The Court of Criminal Appeals has exclusive jurisdiction to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. *Padieu v. Court of Appeals of Texas, Fifth District*, 392 S.W.3d 115, 117 (Tex.Crim.App. 2013); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex.Crim.App. 1985); TEX.CODE CRIM.PROC.ANN. art. 11.07, § 5. Consequently, we do not have jurisdiction to address these issues in this mandamus proceeding.

Relator also requests that we compel Judge Ferguson to rule on a motion for *nunc pro tunc* order to correct the judgment. He contends that the judgment erroneously reflects he was convicted of capital murder. A party seeking a writ of mandamus in a criminal case must make two showings: (1) that there is no adequate remedy at law to redress the alleged harm; and (2) that the act the relator seeks to compel is ministerial rather than discretionary in nature. *See e.g. Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex.Crim.App. 1995)(orig. proceeding); *In re State of Texas*, 304 S.W.3d 581,

583 (Tex.App.--El Paso 2010, orig. proceeding).  Although mandamus will not issue to compel a particular result in what is manifestly a discretionary decision, mandamus may be appropriate to impel consideration of a motion or the issuance of a ruling, the doing of which is not discretionary.  *White v. Reiter*, 640 S.W.2d 586, 593-94 (Tex.Crim.App. 1982); *State ex rel. Rodriguez*, 196 S.W.3d 454, 458 (Tex.App.--El Paso 2006, orig. proceeding).

To be entitled to a writ of mandamus compelling a trial court to consider and rule on a properly filed and pending motion, Relator must establish that:  (1) he asked the trial court to rule; and (2) the trial court has either refused to rule, or failed to rule within a reasonable time.  *Barnes v. State*, 832 S.W.2d 424, 426-27 (Tex.App.--Houston [1st Dist.] 1992, orig. proceeding).  Further, it is the Relator's burden to provide this Court with a sufficient record to establish his right to mandamus relief.  *See* TEX.R.APP.P. 52.3(k)(l)(A)(appendix to mandamus petition must contain a copy of any order complained of, or any other document showing the matter complained of); TEX.R.APP.P. 52.7(a)(1)(relator must file with the mandamus petition a copy of every document that is material to his claim for relief).  Relator has not provided the Court with a file-marked copy of the motion for judgment *nunc pro tunc*.  The petition for writ of mandamus is denied.

November 5, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, J., and Barajas, C.J., (Senior Judge)
(Barajas, C.J., Senior Judge, sitting by assignment, not participating)

(Do Not Publish)